THE PEOPLE, RESPONDENTS, *v.* AH HOP ET AL., APPELLANTS.

CRIMINAL LAW—ARRAIGNMENT—RECORD.—It is not necessary for the record on appeal to show an arraignment. The fact of an arraignment is not necessarily a part of the record.

IDEM—INDICTMENT—ACCESSARIES.—An indictment charging five persons with murder in one count, and four of the same persons with being accessaries before the fact in another count, does not charge two offenses.

IDEM—INDICTMENT—PRINCIPALS—ACCESSARIES—SURPLUSAGE.—The statute requires all persons concerned in the commission of an offense, whether as principals or accessaries before the fact, to be indicted as principals, and a second count in such indictment charging a portion of the same persons with being accessaries before the fact, is surplusage, which does not vitiate the indictment.

JURY—IRREGULARITY.—No irregularity in drawing, summoning, returning, or *impaneling* trial jurors is sufficient to set aside a verdict, unless' injury results, nor unless the objection is made before verdict.

CRIMINAL CASES—PRESUMPTIONS.—The presumptions are in favor of the regularity of the proceedings in the district court, in criminal as well as in civil cases.

TECHNICAL DEFECTS.—This court will give judgment without regard to technical defects, which do not affect substantial rights.

WAIVER.—If a defendant does not insist upon the mere formalities of the law in the court below, he will be deemed to have waived them. It is too late to take advantage of them for the first time in this court, on appeal.

APPEAL—REVIEW—QUESTIONS OF LAW.—Upon appeal in criminal cases, the review in this court is confined to questions of law arising upon exceptions taken on the trial and errors appearing in the record. The evidence constitutes no part of the record, and it must be disregarded, except for the purpose of determining the materiality of the exceptions.

APPEAL from the second judicial district, Boise county.

*Jonas W. Brown and E. J. Curtis,* for the appellants.

*George Ainslie, district attorney,* for the respondents.

PRICKETT, J., delivered the opinion. HOLLISTER, C. J., and CLARK, J., concurred.

The defendants were jointly indicted for the crime of murder, alleged to have been committed on the tenth day of June, 1877, by feloniously, willfully, deliberately, and with premeditation killing one John McGuinness. The indictment contains two counts; the first charging all of the defendants as principals; and the second charging the defendants Yung Sing, Ah Pong, Hong Chu, and Ah Doe, with being accessaries before the fact, in standing by and aiding, abetting, and assisting the defendant, Ah Hop, to commit the murder. The defendants Yung Sing, Ah Pong, and Hung Chu demurred to the indictment, on the ground that more than one offense is charged against them in the indictment. The demurrer being overruled, all of the defendants, except Ah Doe, who had not been arrested or found, entered the plea of not guilty, upon which they were jointly tried and convicted of murder in the second degree. Before judgment, a motion for a new trial was made upon the minutes of the court, on the grounds: 1. That the verdict is contrary to the law and the evidence; 2. Error in law occurring at the trial of the cause, in this: that the people opened and closed the argument of the cause to the jury. The motion was overruled, and the defendants sentenced.

The appeals are from the judgment and from the order denying a new trial, and the record consists of the judgment roll and a bill of exceptions. No exceptions appear to have been taken to any order, ruling, or proceeding in the court below, except the order denying a new trial.

The defendants assign as error: 1. That the record fails to show any arraignment of the defendants, or either of them. 2. That the demurrer should have been sustained, and the overruling of it was error. 3. That it does not appear that the names of eight additional trial jurors sum-

moned, were selected in the manner required by law. 4. That it nowhere appears in the record that the indictment was read and the plea stated by the clerk to the jury after the jury were sworn to try the cause. 5. That the court erred in refusing to allow the counsel for the defense to close the argument to the jury, and in not permitting counsel to argue the cause to the jury alternately. 6. Error in refusing the defendant's motion for a new trial.

Section 445 of the criminal practice act prescribes what papers and matters shall constitute the record in criminal actions, and the arraignment or a copy of the minutes thereof is not included.

Section 475 provides what shall be transmitted to this court for review upon an appeal, viz.: "A copy of the notice of appeal and of the record." Any matters not otherwise made by statute a part of the record, must be made so by bill of exceptions, and there is nothing in the bill of exceptions in this case which shows that the court failed to arraign the defendants, and such failure is not to be presumed. Error will not be presumed in a criminal, any more than in a civil action. It must be shown by the record. (*People* v. *Waters, ante,* 560.)

The demurrer to the indictment was properly overruled; the point urged here is that the indictment does not conform to section 237 of the criminal practice act, because it charges all of the defendants, except Ah Hop, with two offenses. It clearly appears on the face of the indictment that the matters set forth in the different counts were intended to describe one and the same transaction and charge but one offense, which is the murder of McGuinness. Section 251 of our criminal practice act provides that " no distinction shall exist between an accessary before the fact and a principal, or between principals in the first and second degrees in cases of felony; and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid or abet in its commission, though not present, shall hereafter be indicted, tried, and punished as principals." This statute has changed the rules of pleading so that it is no longer neces-

sary to charge an accessary before the fact, as such. The second count in the indictment was therefore unnecessary and may be treated as surplusage, and it does not vitiate the indictment, which is complete without it.

The record discloses the fact that in procuring a jury to try the cause, the regular panel was exhausted, and the court ordered "that an additional *venire* for the following eight persons (naming them) be issued, returnable to-morrow at ten o'clock A. M." It does not show how the names of these persons were obtained; whether from the latest poll-lists or otherwise. This is assigned as error. Section 23 of the act concerning grand and petit jurors provides that "no irregularity in any writ of *venire facias*, or in the drawing, summoning, returning, or impaneling of grand or petit jurors, shall be sufficient to set aside a verdict, unless the party making the objction be injured by the irregularity, or unless the objection was made before returning the verdict." It is too late, even if there was irregularity in procuring the jurors, to raise this objection on appeal in this court for the first time; furthermore, the presumption is in favor of the regularity of the drawing, and nothing is shown to overcome that presumption.

It is further alleged as error "that it nowhere appears that the clerk or other person read the indictment and stated the defendant's plea to the jury, after the panel was completed and the jury sworn to try the cause." Section 354 of the criminal practice act requires this to be done in cases of felony, and provides that "in all other cases this *formality* may be dispensed with." It is here designated as a matter of form merely. Section 482 of the same act, regulating proceedings in this court on appeals, provides that "after hearing the appeal, the court shall give judgment without regard to technical errors or defects which do not affect the substantial rights of the parties." The object of reading the indictment and stating the plea to the jury is to inform them what the issues are which they are to try. It appears from the verdict rendered, specifying the character and degree of the offense of which the defendants were convicted, that the jury fully understood the

issues in this case.    We are at a loss to see in what manner the "substantial rights" of the defendants could have been prejudiced by this mere technical defect, even if it existed.

The record shows that the district attorney opened the argument of the case to the jury; that the two counsel for the defendants followed, and the district attorney closed the argument.

Section 356 of the criminal practice act provides that "if the indictment be for an offense punishable with death, the counsel on each side may argue the cause to the jury, in which case they must do so alternately." The counsel for the defendants claim that the judgment of the district court should be reversed because the order of beginning and closing the argument prescribed by this statute was not pursued, and we are referred to the case of the *People* v. *Fair*, 43 Cal. 137, to support this position.

In that case, however, the defendant, through her counsel, claimed and insisted upon this statutory right of alternating and consequently closing the argument to the jury, in the district court, which refused to allow the argument to proceed in that manner, and which refusal the supreme court of California say was error. In this case, no such claim was made in the district court, and the question was raised for the first time on the motion for a new trial. The objection was made too late, and the defendants must be considered as having waived this statutory right by not claiming it upon the argument. A defendant in a criminal case is entitled to have all the formalities of the law complied with, and if anything is omitted, he is entitled to have it corrected; but if he does not insist upon any of those matters which are merely formal and do not affect his substantial rights at the proper time, he will be deemed to have waived them—he can not be permitted to take the chances of a verdict in his favor, and then failing in this, be given another trial, because of an informality which might have been avoided if it had not been passed in silence at the first trial.

Lastly, it is alleged that the district court erred in refusing a new trial, on the ground that the verdict is con-

trary to the evidence. This presents the question whether this court, upon appeal, can review the conviction upon the merits, or whether such review is confined to questions of law alone arising upon exceptions taken at the trial or errors appearing upon the face of the record. This must depend entirely upon the statute, as the right of review is not given by the common law. The second subdivision of section 465 of the criminal practice act provides that in criminal cases the appeal to the supreme court from the district court shall be on questions of law alone. Section 418 of the act prescribes what matters may be excepted to on the trial of an indictment, and the three following sections provide what the bill of exceptions shall contain and the manner of its settlement. In section 420, the legislature has said that "the bill of exceptions shall contain only so much of the evidence as is necessary to present the question of law upon which the exceptions were taken." There is no statute authorizing or prescribing the mode of bringing up the whole of the evidence, nor any authorizing this court to review a case on appeal upon questions of fact. The statute clearly shows that the right of review embraces only such decisions of the court as were excepted to, and errors that appear in the record. Unless exceptions are taken on the trial of a cause, the testimony constitutes no part of the record, and if included in the transcript must be disregarded. If exceptions are taken, the testimony may be considered only for the purpose of determining the materiality of exceptions taken to some decision of the court. In respect to the question whether the evidence supports the verdict, the testimony might as well have been omitted, for with that this court has nothing to do. It is for the district court, in the exercise of its sound discretion, to award or refuse a new trial, on this ground, and its decision is final.

Having examined all the questions presented in the case, we have arrived at the conclusion that none of the assignments of error are well taken, and that the judgment of the district court must be affirmed.

Judgment affirmed.