[No. 20060.   Department Two.—July 28, 1885.]

## THE PEOPLE, RESPONDENT, v. FIDELE BEZY, APPELLANT.

CRIMINAL LAW — EVIDENCE — THREATS AGAINST BROTHER OF DECEASED. — On a trial for murder, threats made by the defendant against a person other than the deceased are admissible in evidence only under circumstances which show some connection with the injury inflicted on the deceased; and the fact that the person against whom the threats were made was the brother of the deceased and lived with him is insufficient to justify the admission of the evidence.

ID. — CHARACTER OF DECEASED. — Evidence of the character of the deceased for peace and quietness is inadmissible against the defendant.

ID. — PRACTICE — OPENING STATEMENT FOR DEFENDANT. — In his opening statement to the jury, counsel for the defendant may be restricted by the court to a state-ment of the facts which he expects to prove without any argument upon the same.

APPEAL from a judgment of the Superior Court of the county of Fresno, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. D. Tupper,* for Appellant.

Evidence of threats against the brother of the deceased were improperly admitted. (*People* v. *Stonecifer,* 6 Cal. 405.) So evidence as to the character of the deceased. (*People* v. *Murray,* 10 Cal. 310.)

*Attorney-General Marshall,* for Respondent.

It was a legal exercise of discretion by the court to restrict the counsel for defendant from argument in his opening state-ment. (Pen. Code, § 1093, subd. 3, 5; *People* v. *Williams* 43 Cal. 349.)

THORNTON, J.— The defendant was accused of the murder of John Mengetti, and on his trial the court admitted evidence

against objection of certain threats made against Joe Mengetti. Joe Mengetti was the brother of the deceased, and the evidence shows that they lived together, and were cousins and neighbors of defendant. While threats against the deceased are admissible in evidence to show malice, threats against another person are only admitted under circumstances which show some connection with the injury inflicted on the deceased. We are of opinion that the circumstances under which the threats were made are not sufficient to show such connection as justified the admission of the evidence. It may be said that the evidence was admissible as to the general character of defendant for peace and quietness, but evidence of particular facts is not admissible on such issue. We think the court fell into an error in admitting the evidence above referred to, and as it is not clear that this testimony did not operate prejudicially to the defendant, we are of opinion that it must cause the reversal of the judgment and the order denying the motion for a new trial.

There was also evidence of threats (in Julias Hedrick's testimony) against the Mengettis, which we think was admissible.

The court erred in permitting the prosecution to give evidence as to the character of the deceased for peace and quietness. (*People* v. *Anderson,* 39 Cal. 704.)

The court committed no error or abuse of discretion in restricting counsel for defendant in his opening statement to stating what he expected to prove, without any argument upon such facts. (*People* v. *Anderson,* 44 Cal. 65.) The counsel had abundant opportunity in the course of the trial in suggesting and arguing all points of law pertinent to the cause.

For the errors above pointed out the judgment and order should be reversed and the cause remanded for new trial, and it is ordered accordingly.

MYRICK, J., and SHARPSTEIN, J., concurred.