[No. 20515. In Bank.— October 11, 1889.]

THE PEOPLE, RESPONDENT, *v.* JOSEPH BISHOP, APPELLANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO MURDER — CROSS-EXAMINATION OF DEFENDANT — EVIDENCE OF SIMILAR ASSAULTS. — A defendant in a prosecution for an assault with intent to commit murder who has testified as a witness in his own behalf cannot be cross-examined as to other similar assaults committed by him, concerning which he has not testified on his examination in chief. Such evidence is immaterial to the issues, and is not admissible to impeach the defendant's character, either generally or for truth and veracity.

ID. — INSTRUCTION ASSUMING GUILT IS ERRONEOUS. — An instruction to the jury which assumes the guilt of the defendant as proved is error.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*T. L. Carothers*, for Appellant.

*Attorney-General Johnson*, for Respondent.

SHARPSTEIN, J.—Appellant was tried upon a charge of assault with intent to commit murder, and found guilty of an assault with a deadly weapon. He moved for a new trial, which was denied, and from the judgment and the order denying his motion for a new trial this appeal is taken.

After the defendant had been examined in chief as a witness in his own behalf, he was cross-examined by the prosecution, and during such cross-examination the following questions were put to him, and the following proceedings:—

" *Mr. Cooper* (for the prosecution).—You were there that day (the day of the alleged assault) with a pistol on your person ? A. Yes, sir.

" Q. What kind of a pistol ? A. Smith and Wesson, 38.

" Q. 38-caliber; how many times does it shoot ? A. Five times.

" Q. Were you going to get sheep with that ? A. No, sir.

" Q. What did you carry a pistol with you for when you went up there to get your sheep ? A. Well, there was a man about two or three weeks before that threatened to cut my heart out, so I packed this pistol.

" Q. A man threatened to cut you heart out ? A. Yes, sir.

" Q. Who was that ? A. It was William Clay, my brother-in-law.

" Q. Packed this pistol for your brother-in-law ? A. No; I packed it to protect myself.

" Q. Is that the pistol you drew on Johnny Hall ?

" *Mr. Carothers.*—I object to that as not in cross-examination, and immaterial.

"*The Court.*—Is it not competent for another reason ?

"*Mr. Carothers.*—I cannot imagine any reason it would be.

"*The Court.*—It seems to me you ought to imagine. If a man is in the habit of assaulting men with a deadly weapon, it goes to the character of the witness.

"*Mr. Carothers.*—They cannot attack his character.

"*The Court.*—They can show that he is a man of bad reputation.

"*Mr. Carothers.*—We except.

"*The Court.*—Anything that would detract from the credibility, I suppose that it is competent for them to show; if he did assault Mr. Hall, it may be that he was perfectly justifiable.  Go on.

"*Mr. Carothers.*—We object, as immaterial, incompetent, and not in cross-examination.

"*The Court.*—It is not for the purpose of proving an assault on Hall.

"*Mr. Cooper.*—For the purpose of showing the credibility of the witness; to show the character of the witness.

"*The Court.*—I suppose it is competent.   Go on.

"*Mr. Carothers.*—We except.

"*Mr. Cooper.*—Is that the pistol that you drew on Mr. Hall once ?

"*The Court.*—I do not think that question is exactly right.

"*Mr. Cooper.*—Well, did you draw a pistol on J. W. Hall, the son of A. W. Hall, once ?

"*Mr. Carothers.*—I object, as immaterial, and not cross-examination.

"*The Court.*—I overrule the objection.

"*Mr. Carothers.*—We save an exception.

"*Mr. Cooper.*—I will ask you if you did not, in the fall of 1886, draw a pistol on J. W. Hall ?

"A.  Well, Johnny and I had a little trouble. He pulled out a knife.

" Q. And you took out your six-shooter then ?    A. Yes, sir.

" Q. You did on that occasion draw a pistol?    A. Yes, sir; to protect myself.

" Q. Do you know a man by the name of Benedict ? A. Well, I have heard of him.

" Q. Did you ever draw a pistol on him ?

"*Mr. Carothers.* — I object, as immaterial, and not cross-examination.

" *The Court.* — I overrule the objection.

" *Mr. Carothers.* — We except.

" *Witness.* — That is another Johnny Hall case.

" *Mr. Cooper.* — Benedict was working there ?

"A. Yes, sir; I think he was.    I had loaned Johnny Hall several hundred dollars.

" Q. I asked you if you drew a pistol on Benedict. A. Yes, sir; he came and took hold of my horses.

" Q. You drew a pistol on him ?    A. Yes, sir; to make him let go."

The attorney-general in his brief admits that the questions asked were incompetent for the purpose of affecting the credibility of the witness, but insists that " the grounds (of the objections) that the questions were immaterial were not sufficient, for on cross-examination it is not necessary that the questions be material to the issue."

We think the ground of the objection sufficient.   Besides, the defendant's attorney stated as the grounds of one of his objections that the question was immaterial, *incompetent,* and not in cross-examination."    A defendant in a criminal action or proceeding cannot be compelled to be a witness against himself; but if he offer himself as a witness he may be cross-examined by the counsel for the people as to all matters about which he was examined in chief."   (Pen. Code, sec. 1323.)

The defendant was not, nor is it claimed that he was,

.examined in chief as to the matters specified in the questions put to him on his cross-examination. He could not be impeached by the evidence sought to be elicited by those questions, nor would such evidence tend to prove that he committed the crime with which he was charged. Therefore the questions were immaterial. Being unauthorized and immaterial, the objections should have been sustained. The first rule governing in the production of evidence is, that the evidence offered must correspond with the allegations and be confined to the point in issue. Under this rule it is not competent for the prosecution to give evidence of facts tending to prove another distinct offense for the purpose of raising an inference that the person had committed the offense in question. The questions were asked doubtless with a view to create in the minds of the jury a prejudice against the defendant. They were not admissible for the purpose of impeaching the defendant's character, either generally or for truth and veracity. (Code Civ. Proc., sec. 2051.)

The rulings of the court upon the objections to the questions were clearly erroneous, and in our opinion affected the substantial rights of the defendant.

That it was error for the court to say in its charge to the jury: " I have already remarked to you, gentlemen, that on a certain day this defendant was guilty of an assault with a deadly weapon, with intent to murder William Bonee," is too clear to admit of argument. If we were at liberty to go outside of the record, we might easily be persuaded that it does not speak the truth. But the court has settled and certified to the correctness of a bill of exceptions which shows that this clause was in the charge of the court and we are compelled to pass upon it.

The exceptions not noticed do not in our opinion require any consideration.

For the errors which we have considered, the judgment and order must be reversed.

Judgment and order reversed.

Fox, J., McFarland, J., Works, J., Thornton, J., and Beatty, C. J., concurred.