BONNIE ET AL., APPELLANTS, v. EARLL ET AL., RE-
SPONDENTS.

[Submitted April 18, 1892.  Decided May 2, 1892.]

WITNESSES—*Instructions.*—Where there is nothing to indicate that a witness was actuated by ill-will in giving his testimony, but only that he was not friendly, an instruction that if the testimony of a witness has been given under the influence of ill-will towards a party, and any portion of it is untrue as to any material fact in the case, the jury are at liberty to disregard it entirely, is erroneous in omitting to state that the testimony must be either "knowingly," "wilfully," or "intentionally" untrue.

SAME—*Same.*—An instruction based upon the maxim *falsus in uno, falsus in omnibus,* which is proper to be given when the question arises, is that if a witness knowingly and wilfully swears falsely in a material matter, the jury may but are not bound to disregard the evidence.

*Appeal from Third Judicial District, Deer Lodge County.*

The cause was tried before DURFEE, J. Defendant had judgment below. Reversed.

Statement of the case prepared by the judge delivering the opinion.

The verdict and judgment were against the plaintiffs in this action. They appealed from an order denying a new trial, and, among other things, complained of the following instruction: "(9) If you believe that the testimony of any witness in this case has been given under the influence of ill-will towards the defendants, or either of them, and you believe that any portion of said testimony to be untrue as to any material fact in the case, you are at liberty to disregard the entire testimony of said witness." This instruction is evidently directed at a witness or witnesses of the plaintiffs, for the reason that it speaks of ill-will towards the defendants. All of the testimony is brought up in the record. There is only one of the plaintiffs' witnesses to which this instruction could have been applied

by any possible construction of facts. This, indeed, is conceded by counsel. That witness testified, among other things, as follows: "Mr. Bowen and I have not spoken, at the present time, for a little over a year, but I am not in the least interested in this case. We used to be pretty good friends before that time." Question. "The chances are that, if you had continued your friendly relations, you would not have been a witness here to-day?" (Objected to as immaterial. Objection overruled.) Q. "Answer it." Answer. "The only way I can answer that is that I think I would have been a witness, because I didn't push myself on as a witness. They came to me, and asked me if I was at work in the house at such and such a time. I never knew anything about the case until I was asked if I had been working there." This is the only showing of ill-will towards defendants on the part of any of plaintiffs' witnesses. This witness was not otherwise impeached, except that he was contradicted by the defendants against whom the action was proceeding. The testimony of this witness was upon a material point; in fact, upon a matter which was the very gist of the case.

*George B. Winston*, for Appellants.

Instruction numbered 9 does not correctly instruct the jury as to the maxim, *falsus in uno, falsus in omnibus*. Such maxim is only applicable where the witness "wilfully" gives false testimony. Even had the instruction been properly framed, it would have been error to give it, since there was no evidence to show that any witness swore falsely. It was an effort to discredit a witness of plaintiffs without foundation. (*Chicago* v. *Smith*, 48 Ill. 107; *Hoge* v. *People*, 117 Ill. 35; *Wilkins* v. *Earle*, 44 N. Y. 172; 4 Am. Rep. 655; 2 Thompson on Trials, § 2423, p. 1770; *People* v. *Strong*, 30 Cal. 151; *Callahan* v. *Shaw*, 24 Iowa, 444.)

*J. R. Boarman*, for Respondents.

DE WITT, J.—An instruction based upon the maxim, *falsus in uno, falsus in omnibus*, may be given when there is something to indicate that a witness wilfully testified falsely as to a material matter. The Supreme Court of Georgia has

formulated the matter for such instruction in the following remarks, in the case of *Pierce* v. *State*, 53 Ga. 369: "We think the true rule to be deduced from these decisions, and one that is proper to be given in charge to the jury when the question arises, is if a witness knowingly and wilfully swears falsely in a material matter, his testimony should be rejected entirely, unless corroborated by the facts and circumstances of the case or other credible evidence." (See, also, *Skipper* v. *State*, 59 Ga. 64.) This rule seems to be approved by the text-writers. (See Sackett's Instructions to Juries, p. 33, and 2 Thompson on Trials, § 2423.) The author last cited, in the same section, says: "It is accordingly error, in formulating a cautionary instruction under this head, to omit the words 'knowingly,' 'wilfully,' 'intentionally,' or some equivalent expression." These views are sustained by the authorities cited by Mr. Thompson. (See, also, *People* v. *Strong*, 30 Cal. 151; *People* v. *Sprague*, 53 Cal. 491; and *People* v. *Righetti*, 66 Cal. 184; *Wilkins* v. *Earle*, 44 N. Y. 172; 4 Am. Rep. 655; *Chicago* v. *Smith*, 48 Ill. 107; *Hoge* v. *People*, 117 Ill. 35.)

We are of opinion that the Georgia case states the rule correctly, except that we would modify it in this respect: That case says that the testimony of such a witness "should be rejected entirely," etc. The authorities, as we understand them, hold, as stated in *Hoge* v. *People*, *supra*, that, under the circumstances, "the jury may, but they are not bound to, disregard the evidence." (Citing *United States Express Co.* v. *Hutchins*, 58 Ill. 44; *Pope* v. *Dodson*, 58 Ill. 360; *Otmer* v. *People*, 76 Ill. 149; *Gulliher* v. *People*, 82 Ill. 146; *Swan* v. *People*, 98 Ill. 612. See, also, *People* v. *Sprague*, and *Wilkins* v. *Earle*, *supra*.)

Now, as to the instruction in the case at bar of which appellants complain. It is observed that this instruction wholly omits the words "wilfully" or "knowingly" or "intentionally." It is true that the instruction contains this remark: "If you believe that the testimony of any witness in this case has been given under the influence of ill-will towards the defendants," etc. But there is no evidence that this witness gave his testimony actuated by ill-will. The witness acknowledged that the relations between him and one of the defendants were not friendly, and, if such were a fact, he was bound to admit

it, if he told the truth. But, because relations between a witness and a party are unfriendly, this fact is not evidence that the witness is practically committing perjury, that is, that he is swearing wilfully false in a material matter. And these are the elements which must go into the instruction which we are considering. A truthful witness might happen to be on ill terms with a party in a lawsuit, but this circumstance alone cannot be the basis of an instruction to the jury that if they find that such a witness has testified wilfully or knowingly falsely on a material matter they may disregard his testimony. No court, as far as we are aware, has ever upheld any such view, and the instruction is wholly against the generally accepted doctrine of the application of the maxim, *falsus in uno, falsus in omnibus.*

It is therefore ordered that the judgment be reversed, and the case remanded for a new trial.

*Reversed.*

BLAKE, C. J., and HARWOOD, J., concur.

