# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT

### OF THE

# STATE OF IDAHO.

(March 25, 1905.)'

*STATE, Respondent, v. REN WALN and FRANK TUR-
NER, Appellants.

[80 Pac. 221.]

REQUESTED INSTRUCTIONS—CREDIBILITY OF WITNESSES—REBUTTAL TES-
TIMONY.

1. An instruction to the effect that if the jury believe from the
evidence that a witness has wilfully sworn falsely to any material
fact in the case, they are then at liberty to disregard the entire
testimony of such witness, except in so far as he has been cor-
roborated by other credible evidence or by the facts and circum-
stances proved upon the trial, is a correct statement of the law,
and where requested by defendant should be given by the court.

2. Under the provisions of sec. 7855, Rev. Stat., the parties to a
criminal prosecution may respectively offer rebutting testimony,
and the court "for good reason and in furtherance of justice" may
permit either side to offer evidence upon its original case. By
the provisions of this statute a large discretion is vested in the
trial court, and unless grossly abused its exercise will not be in-
terfered with upon appeal.

3. Evidence in this case examined; and held that it leaves serious
doubts as to the guilt of the defendants.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial
District, Washington County. Hon. Geo. H. Stewart, Judge.

The defendants were convicted upon the charge of robbery
and sentenced to imprisonment in the state penitentiary.

*Inadvertently omitted from Vol. 10.

From the judgment of conviction and an order denying their motion for a new trial they appeal to this court. *Reversed.*

Hawley, Puckett & Hawley, and L. L. Feltham, for Appellants.

A party has a right to direct, positive and certain instructions, and it is not sufficient that a charge is given which by inference and argument may be pressed to the same extent as the instruction refused. (Blashfield on Instructions to Juries, 149; *State v. Hollingsworth*, 156 Mo. 178, 56 S. W. 1087; *Klatt v. Houston* (Tex. Civ. App.), 57 S. W. 1112; *Harris v. State* (Tex. Cr. App.), 57 S. W. 833; *People v. Rodley*, 131 Cal. 240, 63 Pac. 351.)

It is error to refuse a requested instruction, although covered by a general charge, or other instructions, where the proposition is given in such a disconnected way as to impair its force. (*Wyoming v. Detroit etc. Co.*, 59 Mich. 257, 26 N. W. 514; *Jamson v. Quivey*, 5 Cal. 490; *Chicago B. & Q. Ry. Co. v. Dickson*, 88 Ill. 431; 11 Ency. of Pl. & Pr. 217 et seq.)

J. J. Guheen, Attorney General, George P. Rhea, Prosecuting Attorney of Washington County, and Harris & Smith, for the State, file no brief.

AILSHIE, J.—The defendants, Ren Waln and Frank Turner, were informed against by the prosecuting attorney of Washington county at the March, 1904, term of the district court in and for Washington county, charged with the crime of robbery. It was alleged by the information that the defendants committed the crime on or about the 24th day of January, 1904, in the county of Washington, by then and there taking from the person of James Morissey, by force and violence, the sum of $37. The defendants were duly tried and a verdict of guilty was returned by the jury, upon which verdict a judgment was entered sentencing the defendants to imprisonment in the state penitentiary for the period of seven years each. The defendants moved for a new trial and their motion was denied. They thereupon appealed from the judg-

ment and the order denying their motion for a new trial. The defendants assign the following errors: ''First, that the evidence is insufficient to justify the verdict of the jury. Second, errors in refusing defendants' instructions tendered at the trial. Third, errors in the admission and rejection of evidence during the trial.''

After a careful examination of the instructions given by the court and those requested by defendants and refused by the court, we are satisfied that all the requested instructions proper to have been given were substantially covered by the court's instructions, except requests numbered 17, 19, 20 and 21. These requests have special reference to the weight to be given the evidence of witnesses who had wilfully testified falsely, or who had been impeached, contradicted or had made statements differing from those to which they had testified, or who had been shown to have bad reputations for truth and veracity in their several communities. Each of these four requests substantially stated the law upon the subject to which each had reference, but some of them were too much in the nature of a lecture and too argumentative to be given to the jury, as they would tend more to confuse than to enlighten the jury.

However, the defendants' request numbered 20 is a very concise statement of a hornbook principle of law, and should not have been refused. That request is as follows: ''The jury are instructed, that if you believe from the evidence that any witness has wilfully sworn falsely on this trial as to any matter or thing material to the issues in the case, then you are at liberty to disregard his entire testimony, except in so far as it has been corroborated by other credible evidence, or by facts and circumstances proved on the trial.'' (See 1 Blashfield on Instructions to Juries; Sackett on Instructions to Juries, 33; *Bonnie v. Earll,* 12 Mont. 241, 29 Pac. 882, and cases there collated.)

This proposition was not covered by the court's instructions, and while the court might have properly omitted to give such instruction in the absence of any request on the part of the defendants, still it was clearly error to refuse

and deny the instruction after its timely request by the defendants.

The defendants complain of the action of the trial court in permitting the state, after the defense had rested their case, to recall a number of witnesses in rebuttal and under the guise of rebuttal testimony allowing them to testify to the conversations and transactions about which they had testified upon their examination in chief. This method of introduction of evidence upon rebuttal seems to have been pursued with several witnesses. Under the provisions of sec. 7855, Rev. Stat., the parties to a criminal prosecution may respectively offer rebutting testimony, and the court "for good reason and in furtherance of justice" may permit either side to offer evidence upon its original case. Under the provisions of this statute a large discretion is vested in the trial court, and unless grossly abused its exercise will not be interfered with upon appeal. (*State v. Ellington*, 4 Ida. 529, 43 Pac. 60.)

We think, however, that the party offering rebuttal testimony should be confined to the rules governing the introduction of such evidence, and that if he desires to produce testimony on his original case, before doing so he should be required to obtain leave from the court for that purpose.

Counsel for appellants have devoted much time and labor to a discussion of the evidence produced in this case, and contend that it is entirely insufficient to justify a verdict of conviction. It appears that the prosecuting witness—as well as most of the other witnesses on the part of the state—was drinking and gambling and in a state of intoxication on the night it is alleged the offense was committed. Many conflicting statements appear to have been made by these different witnesses and indeed the prosecuting witness does not appear to be at all certain as to where he was during the latter part of the evening he claims to have been robbed. After a detailed examination of all the evidence given in the case we are in doubt as to whether or not the prosecuting witness, Morissey, was ever robbed at all, and, if it be conceded that

he was, we are in still greater doubt as to whether or not he was robbed by these defendants.

With the case in the condition indicated by this record we do not think the ends of justice would be attained by an affirmance of the judgment. The judgment will therefore be reversed and the case remanded.

Stockslager, C. J., and Sullivan, J., concur.