(January 16, 1907.)'

STATE, Respondent, v. E. L. SUTTLES, Appellant.

[88 Pac. 238.]

CRIMINAL LAW—RIGHT TO CHALLENGE JUROR—FAILURE TO ADMONISH JURY—PRESUMPTION OF REGULARITY OF PROCEEDINGS IN COURT OF RECORD—INSTRUCTIONS BY COURT—EXCEPTIONS TO INSTRUCTIONS MUST BE SETTLED—RECORD ON APPEAL FROM JUDGMENT.

1. While the statute (Rev. Stats., sec. 7826) requires that a defendant be instructed by the court or by some one under the court's direction of the right to challenge an individual juror, and that if he desires to do so he must exercise the right before the jury is sworn, still the fact that such duty was performed is not required to be shown by the record which constitutes the judgment-roll under sections 7996 and 8051, Revised Statutes.

2. Under section 7881, Revised Statutes, it is made the duty of the trial court to admonish the jury at each adjournment of the court "that it is their duty not to converse among themselves or with anyone else on any subject connected with the trial, or to form or express any opinion thereon until the case is finally submitted to them," but such fact is not required to be shown by the record or judgment-roll defined and provided for in sections 7996 and 8051, Revised Statutes.

3. All presumptions are in favor of the regularity of the proceedings of courts of record, and in the absence of any showing to establish the fact as to whether or not the court has complied with the requirements of law in course of the trial, the presumption will at once arise that the law has been complied with.

4. Upon appeal from the judgment alone, no objection or exception can be properly considered that does not arise upon and

appear from the record or judgment-roll as defined by section 7996, Revised Statutes.

5. Under the provisions of section 7946, Revised Statutes, all written charges presented and requested are deemed excepted to as a matter of law, and it is not required that any exception be taken thereto, or that the same be embodied in a bill of exceptions.

6. Under section 7940, Revised Statutes, a defendant is required to take exceptions to any and all instructions given by the court on its own motion that he deems to be prejudicial to him or contrary to law, and such exceptions must be embodied in a bill of exceptions in order to be reviewed on appeal.

7. Since all instructions requested by either party or given by the court on its own motion become a part of the record or judgment-roll, it is unnecessary to incorporate any instructions in the bill of exceptions, provided the instruction excepted to is properly identified and referred to in the bill of exceptions.

(Syllabus by the court.)

APPEAL from the District Court of Fourth Judicial District for Cassia County. Hon. Lyttleton Price, Judge.

Defendant was convicted of the crime of rape and appealed from the judgment. *Affirmed.*

Carl A. Davis, for Appellant.

In order to properly safeguard appellant's interests, and to furnish him with information which the law contemplates he shall have to assist him in his defense, the court should have complied with section 7826 of the Revised Statutes in regard to challenging jurors, and it was reversible error when this duty was neglected. It was prejudicial error for the trial court to adjourn and to allow the jurors to go wherever they pleased not in custody of any officer, without admonishing them that it was their duty not to converse among themselves or with anyone else on any subject connected with the trial, nor to form or express any opinion thereon until the case was finally submitted to them. (Rev. Stats., sec. 5474.) Both under the common law and statutes similar to the provisions of the Idaho Code, it has been uniformly held that it is reversible error to fail to admonish the jury upon an adjournment. (*McLain v. State,* 10 Yerg. 241,

31 Am. Dec. 573; *People v. Thompson,* 84 Cal. 598, 606, 24 Pac. 384; *Riley v. State,* 9 Humph. 654; *People v. Brannigan,* 21 Cal. 338; *State v. Mulkins,* 18 Kan. 16; *State v. Snyder,* 20 Kan. 308; *State v. Stackhouse,* 24 Kan. 445; *People v. Coyne,* 116 Cal. 295, 48 Pac. 218; *State v. McKinley,* 31 Kan. 571, 3 Pac. 356; *State v. Hendricks,* 32 Kan. 559, 4 Pac. 1050.)

All the elements of the crime of rape as defined by the laws of Idaho were not incorporated in the court's instructions defining the same. In order to have a thorough understanding of what shall be proven in order to find a verdict of guilty, the jury should have been informed of the provision of section 6767, Revised Statutes.

If the "essential guilt" of an offense charged consisted in certain facts, it seemed that the jury ought to know it, and surely an instruction that says there is no further law for consideration is misleading, and prejudicial to the defendant.

J. J. Guheen, Attorney General, Edwin Snow and Philip R. Hindman, for the State.

"The presumptions are in favor of the regularity of the proceedings in the district courts, in criminal as well as in civil cases." (*People v. Ah Hop,* 1 Idaho, 698; *People v. Waters,* 1 Idaho, 560.) The record shows that the defense exercised no less than seven of the ten peremptory challenges to which it was entitled by law, proving beyond question that defendant's counsel were thoroughly cognizant of his rights in the premises and the manner in which they should proceed in challenging individual jurors.

"After hearing the appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." (Cal. Pen. Code, sec. 1258; *People v. Mortier,* 58 Cal. 266; *People v. Goldenson,* 76 Cal. 328, 19 Pac. 161; *People v. O'Brien,* 88 Cal. 483, 26 Pac. 362; *People v. Elsworth,* 92 Cal. 594, 28 Pac. 604.)

All errors which do not prejudice the party in his substantial rights must be disregarded; that he was prejudiced

in any of them will not be presumed when not shown. (*Territory v. Neilson,* 2 Idaho, 614, 23 Pac. 537.)

"The statute does not require that the fact . . . . that the jury was admonished at each adjournment of the court . . . . should be made a part of the record in the case." (*People v. Waters,* 1 Idaho, 560.)

"If a defendant does not insist upon the mere formalities of the law in the court below, he will be deemed to have waived them. It is too late to take advantage of them for the first time on appeal." (*People v. Ah Hop,* 1 Idaho, 698.)

In the case of *People v. Coyne,* 116 Cal. 295, 48 Pac. 218, where there was evidently an affirmative showing of the failure of the court to admonish the jury, the court refers to this practice as "objectionable," but adds: "But the error in this regard is technical, and not of that importance to demand a reversal of the judgment and a new trial."

"The proper mode of bringing before the appellate court for review the instructions given by the court on its own motion is by embodying them in a bill of exceptions." (*People v. v. Walter,* 1 Idaho, 386; *People v. Biles,* 2 Idaho, 114, 6 Pac. 120; *State v. Schieler,* 4 Idaho, 120, 37 Pac. 272; *State v. O'Donald,* 4 Idaho, 343, 39 Pac. 556; *State v. Hurst,* 4 Idaho, 345, 39 Pac. 554.)

AILSHIE, C. J.—The defendant was convicted of the crime of rape, and sentenced to a term of ten years in the state penitentiary, and has appealed, and presents his case in this court upon the record of conviction commonly designated the judgment-roll. The first two assignments of error are general ones, and call for no specific consideration here. The third, fourth and fifth assignments of error cover, in fact, all the grounds of complaint presented by appellant, and are sufficiently specific to require our special attention. The third and fourth will be considered together. The record in this case was certified up to this court under section 8051, Revised Statutes, and appears to contain the entire record as defined and required by section 7996, Revised Statutes. The record as presented to this court does not show

that the appellant was informed by the court, or anyone under the court's direction, of his right to challenge an individual juror, and that he should do so before the jury was sworn. Further, it does not show that during the course of the trial the court admonished the jury from time to time upon the taking of an adjournment that they should not converse one with the other or with any third parties, or form or express any opinion on the case until it was finally submitted to them. Both these assignments of error may be disposed of in the same manner. In the first place, the record as defined by section 7996, Revised Statutes, is not required to show these facts; it is sufficient if the facts actually exist. All the presumptions are in favor of the regularity of the proceedings of courts of record. In the absence of any showing to establish the fact whether the court did or did not comply with these requirements of law, the presumption of law will at once arise that the court complied therewith and discharged every duty the statute imposed upon it in the trial of the case. And since the statute does not require these facts to be incorporated in the record as prescribed and defined by section 7996, *supra,* it was the duty of the defendant, if the court in fact failed to comply with the law in these respects, and the defendant felt aggrieved over the court's action, to take exception thereto and incorporate the same in a bill of exceptions and present it to this court on appeal. His failure to do so was a waiver of any objection that he might have had, and leaves the presumptions all against him and in favor of the regularity of the proceedings leading up to and including his conviction and sentence. In *People v. Waters,* 1 Idaho, 560, it was said: "This court cannot presume that anything was omitted to be done by the court below that the law requires to be done to insure a fair trial, but must presume in the absence of any showing to the contrary by the defendant that everything necessary to be done was done." And again, in *People v. Ah Hop,* 1 Idaho, 698, it was said: "The presumptions are in favor of the regularity of the proceedings in the district courts in criminal as well as in civil cases." To the

same effect, see *People v. Mortier,* 58 Cal. 266; *People v.
Elsworth,* 92 Cal. 594, 28 Pac. 604. Counsel for appellant
cite *People v. Gaines,* 52 Cal. 479, with apparently great con-
fidence, in support of the proposition that the record must
affirmatively show that all the requirements of the statute
were complied with in a criminal case, and that in the ab-
sence of such a showing it will be assumed that the require-
ments of law were not complied with. That was a case where
the record failed to disclose that the defendant had ever
been arraigned or had entered any plea. The court held that
since the statute required that "every plea must be oral and
entered upon the minutes of the court in substantially the
following form," etc. (the same as section 7756, Revised Stat-
utes), and also required that the record should contain "a
copy of the minutes of the trial" (same as section 7996, Re-
vised Statutes), a failure of the record to show these facts
would carry with it a presumption that they never occurred.
It was held that the state, in order to sustain the conviction,
would be required to furnish a record disclosing a compli-
ance with the statute in these respects. We have no fault
to find with this authority, but that case is not a parallel with
the case at bar. Here the facts that appellant complains of
the record not showing are not required to be contained in
the record on an appeal from the judgment.

The fifth and last assignment of error is that the court
failed to give such instructions as were necessary and ap-
plicable to the case in order for the jury to properly under-
stand the law concerning the crime of which defendant was
charged. The attorney general, however, insists that since
the defendant failed to except to any of the instructions
given at the time of the trial, and failed to incorporate his
exceptions in a bill of exceptions, that he cannot be heard at
this time to complain. Section 7946, Revised Statutes, pro-
vides as follows: "When written charges have been presented,
given, or refused, the questions presented in such charges
need not be excepted to or embodied in a bill of exceptions,
but the written charges with the indorsements showing the
action of the court form part of the record, and any error

in the decision of the court thereon may be taken advantage of on appeal in like manner as if presented in a bill of exceptions.'' This section, it will be observed, has reference only to instructions requested by either the state or the defendant; such instructions are deemed to have been excepted to and become part of the judgment-roll, and may be presented without incorporating the objections in a bill of exceptions. Section 7940 provides that the defendant may take exceptions to the decision of the court ''in charging or instructing the jury upon the law on a trial of the issue.'' This section evidently has reference to the instructions given by the court on its own motion. Section 7996, Revised Statutes, which defines what shall constitute the record, among other things enumerates in subdivisions 7 and 8 the following: 7. ''The written charges asked of the court, and refused, if there be any''; 8. ''A copy of all charges given and of the indorsements thereon.'' From an examination of the foregoing provisions of the statute, it would seem that all the instructions given and all the instructions requested become a part of the record, and under section 8051 must be transmitted to this court when an appeal is perfected. While the statute gives the defendant an exception to all instructions requested and all instructions given upon the request of the state, it is still obligatory upon the defendant to except to any instruction given by the court on its own motion at the time that it is given, and if he fails to do so, he will be deemed to have waived any objection he had, and to have been satisfied with the instruction at the time it was given. In order, therefore, to present his objection on appeal, it is necessary to take exception and have the same settled in a bill of exceptions. Of course it is unnecessary to incorporate instructions in the bill of exceptions, as they are required to be sent up in the record anyway, but it is necessary to note the exception and in some proper manner identify the particular instruction to which defendant objects and excepts, and the objectionable portion thereof. This same question was considered in *People v. Walter,* 1 Idaho, 386, and *People v. Biles,* 2 Idaho, 114, 6 Pac. 120. In

each of these cases the court held to the same view above expressed; but the court also went to the extent of saying that the instructions should be incorporated in the bill of exceptions. We do not think that necessary if they are properly referred to or identified by the bill of exceptions; otherwise we are in accord with the views expressed in those cases. Notwithstanding the fact that the record in this case is not presented in such manner as to require an examination of the instructions given by the court on his own motion, we have nevertheless examined them, and are satisfied that no error was committed against the defendant in the giving of instructions. The judgment must be affirmed, and it is so ordered.

Sullivan, J., concurs.