(March 25, 1908.)

STATE, Respondent, v. JOHN GALLAGHER, Appellant.

[94 Pac. 581.]

CONSIDERATION OF EVIDENCE ON APPEAL FROM JUDGMENT—ADMISSIBILITY OF EVIDENCE—EXCEPTION TO INSTRUCTION—MUST BE SETTLED IN BILL OF EXCEPTIONS.

1. Upon an appeal from the judgment in a criminal case, the appellate court cannot examine the evidence for the purpose of determining its sufficiency to support the verdict and judgment, nor has it authority on such appeal to examine affidavits presented and used on motion for a new trial for the purpose of determining whether or not the jury were guilty of misconduct.

2. Where evidence introduced on the part of the state on rebuttal was not clearly inadmissible, the action of the court in admitting the same is not erroneous, even though such evidence was remote and had but little if any bearing on the case.

3. Instructions given by the court on its own motion must be excepted to by the defendant, and such exception must be settled in a bill of exceptions in order to be reviewed on appeal.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District for the County of Bingham. Hon. J. M. Stevens, Judge.

Defendant was convicted of larceny and sentenced to a term in the state penitentiary. He appealed from the judgment. *Affirmed.*

Smith & Wilson, for Appellant, cite no authorities on points decided.

J. J. Guheen, Attorney General, Edwin Snow, J. H. Peterson, and B. S. Crow, for Respondent.

"The competency of a collateral fact to be used as the basis of a legitimate argument is not to be determined by the conclusiveness of the inferences it may afford in reference to the litigated fact. It is enough if these may tend, even in a slight degree, to elucidate the inquiry or to assist, though remotely, to a determination probably founded on truth." (*Holmes v. Goldsmith,* 147 U. S. 150, 13 Sup. Ct. 288, 37 L. ed. 118.)

AILSHIE, C. J.—This is an appeal from a judgment of conviction and an order denying a motion for a new trial. The attorney general moved to dismiss the appeal from the order denying the motion for new trial, and his motion was confessed by appellant, and the appeal was accordingly dismissed. This leaves the appeal here from the judgment only. The appeal from the order denying a new trial having been dismissed, the court is not authorized to examine into the sufficiency of the evidence to support the verdict and judgment, nor has it authority to examine the affidavits presented and used on the hearing on that motion wherein it was claimed that the jury was guilty of misconduct. (*State v. Suttles,* 13 Ida. 88, 88 Pac. 238; *Walker v. Superior Court,* 137 Cal. 369, 67 Pac. 336.) The court on this appeal, however, may examine into the bill of exceptions for the purpose of determining whether the court committed any errors of law in the progress of the trial.

The first assignment of error is directed against the action of the court in admitting Plaintiff's Exhibit "B," which was the bill of sale executed by the defendant in favor of the purchaser of the animal and delivered at the time of the sale of the animal. No exception appears to have been taken to the introduction of this evidence at the trial, and it is too late now to raise the objection. We may say, however, that an examination of the exhibit and the testimony introduced in connection therewith satisfies us that its admission was entirely proper.

The defendant assigns as error the action of the court in permitting the state to introduce certain evidence in rebuttal. The defendant relied on the defense of an alibi, and introduced a number of witnesses to establish that defense. After he rested his case, the state produced witnesses who testified that at the time of the sale of the animal defendant was alleged to have stolen, he had a number of other horses in the band, and that among them was a certain buckskin horse bearing peculiar marks. This evidence was followed with proof that at the time of the defendant's arrest, he had this particular animal in his possession. This evidence was apparently introduced for the reason that the witnesses who saw the defendant when he sold the stolen animal were all unacquainted with him, and apparently had never seen him before, and the defendant had attempted to show that they were not sufficiently acquainted and familiar with him to be positive in their identification of him as the person who had sold this animal. The state apparently attempted to make more positive and complete the identification by showing that the man who sold the animal had with him a particular animal that was found in the defendant's possession at the time of his arrest. Now, it must be admitted that this evidence was very remote and of but little consequence, but it is equally clear that it was not evidence that was wholly inadmissible or that was prejudicial to the defendant's rights. We are satisfied that its admission was not erroneous.

The appellant also assigns the action of the court in giving instruction No. 3 as error. That instruction appears to have been given by the court of its own motion, and under the rule announced in *State v. Suttles,* 13 Ida. 88, 88 Pac. 238, *State v. O'Brien,* 13 Ida. 112, 88 Pac. 425, it was necessary to take an exception to such an instruction and embody or identify the same in a bill of exceptions. Such was not done, and the court's action cannot therefore be reviewed on this appeal.

No reason appearing why the judgment should be reversed, and no error of law appearing from the record, the judgment should be affirmed, and it is so ordered.

Sullivan, J., and Stewart, J., concur.