## STATE, Respondent, v. HARRY R. McLAUGHLIN, Appellant.

[245 Pac. 77.]

CRIMINAL LAW—INTOXICATING LIQUORS—EVIDENCE OF SALE—PROOF OF INTOXICATION—HARMLESS ERROR.

1. Evidence of defendant's saying that he had intoxicating liquor, agreeing to sell it, receiving payment, and delivering a package, with what occurred where the buyers took it, is sufficient evidence that what was sold was intoxicating liquor.

2. Intoxication after drinking, in connection with other circumstances, is competent to show that what had been sold to the parties was intoxicating liquor.

3. Allowing question as to jug shown witness resembling one testified about, when it had not been admitted or offered in evidence, or attempted to be identified, was harmless error, to be disregarded under C. S., sec. 9191; there being no showing of any peculiarity of it or any jug mentioned by witnesses.

4. Where conviction was of the commission, error in instruction as to attempt, which could not have misled the jury into the conviction of the higher degree, was harmless.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. M. I. Church, Judge.

Defendant appeals from judgment of conviction of selling intoxicating liquor. *Affirmed.*

Publisher's Note.

2. See 15 R. C. L. 396.
3. See 2 R. C. L. 247.
4. See 2 R. C. L. 256.

See Criminal Law, 16 C. J., sec. 1567, p. 763, n. 48, 49, 50, 51, 52, 53; 17 C. J., sec. 3654, p. 308, n. 59; sec. 3662, p. 317, n. 10; sec. 3705, p. 348, n. 85, 89.

Intoxicating Liquors, 33 C. J., sec. 527, p. 774, n. 14; p. 775, n. 18; sec. 529, p. 776, n. 40.

E. P. Barnes and Frawley & Koelsch, for Appellant.

In order to sustain a verdict based upon circumstantial evidence, the circumstances must be consistent with the guilt of the accused, and inconsistent with his innocence, and if the evidence can be reconciled either with the theory of innocence or of guilt the law requires that the theory of innocence be adopted. (*State v. Hurst,* 36 Ida. 156, 209 Pac. 724; *State v. Swerzewski,* 73 Kan. 733, 85 Pac. 800; *Gardner v. State,* 27 Wyo. 316, 15 A. L. R. 1040, 196 Pac. 750; *Key v. State* (Okl. Cr.), 210 Pac. 1044.)

To warrant the admission in evidence of an instrument or weapon as the one with which the crime was committed, a *prima facie* showing of identity and connection with the crime is necessary and sufficient. (16 C. J., p. 619, sec. 1225.)

In order to sustain a conviction, the evidence must establish beyond a reasonable doubt that the article alleged to have been sold by defendant was intoxicating liquor. (*White v. State* (Okl. Cr.), 230 Pac. 943; *Barngrover v. State* (Okl. Cr.), 229 Pac. 301; *Bowes v. State,* 7 Okl. Cr. 316, 126 Pac. 580; *People v. Amort,* 60 Cal. App. 29, 212 Pac. 50.)

Where the instructions are at irreconcilable conflict on a decisive or controlling question to be determined by the jury, that cannot be construed together, and where no one can tell which instruction the jury followed, a reversal of the judgment must necessarily follow. (*Portneuf-Marsh Valley Irr. Co. v. Portneuf Irr. Co.,* 19 Ida. 483, 114 Pac. 19.)

A. H. Conner, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

All the instructions must be considered and construed together, and though an individual instruction, standing alone, would appear to be improper, if the instructions as a whole correctly state the law, the judgment will be affirmed. (*State v. Cosler,* 39 Ida. 519, 228 Pac. 277; *State v. Dong Sing,* 35 Ida. 616, 208 Pac. 860.)

If the result could not have been different had an instruction been omitted, the case should not be reversed because the instruction is erroneous. (*State v. Silva,* 21 Ida. 247, 120 Pac. 835; *State v. Marren,* 17 Ida. 766, 107 Pac. 993.)

Remoteness may affect the weight of evidence, but it does not ordinarily affect its admissibility. (*People v. Simons,* 25 Cal. App. 723, 145 Pac. 145.)

That a fact tending to establish the crime charged may tend collaterally to prejudice accused with the jury will not render it inadmissible in evidence. (*Bonner v. State,* 67 Fla. 492, 65 So. 663; *People v. Soeder,* 150 Cal. 12, 87 Pac. 1016.)

Where prosecution rested in part on circumstantial evidence, the rulings admitting evidence will be sustained if it tended even remotely to establish the ultimate fact. (*Louie v. United States,* 218 Fed. 36, 134 C. C. A. 58; *Thomas v. State,* 11 Ala. App. 85, 65 So. 863; *State v. McLennan,* 40 Ida. 286, 231 Pac. 718.)

TAYLOR, J.—Defendant appeals from a judgment of conviction of selling intoxicating liquor, and an order denying his motion for a new trial.

[1] Appellant assigns as error that the evidence is insufficient to establish that he sold intoxicating liquor, or that that which he sold was intoxicating liquor. There is ample evidence that the defendant said he had a half gallon of liquor for sale, agreed to sell a half gallon of liquor, received the money in payment therefor, and delivered a paper sack containing that which had the appearance of and felt like a half-gallon jug.

In *Lewinsohn v. United States,* 278 Fed. 421, the circuit court of appeals said:

"The purchaser, upon entering the place, inquired about the price of the whisky, put his money on the bar, and asked for whisky. Defendant poured out some beverage and gave it to the customer. Presumably the purchaser received what he ordered and paid for."

Witnesses for the state testified that this package was put in the purchaser's car; that it was the only package or jug in the car; and that they, with others in the car, proceeded to a house in Boise, where there were others, who came out to meet them. At least two witnesses testified on direct examination that they all entered the house, and that someone of the crowd carried the package into the house, though upon cross-examination they answered, as to each person present, that they had not seen that person do so. There was some evidence of two half-gallon jugs at the house after the arrival of this party. There was evidence of those at the house that prior to the arrival of this party, there was no intoxicating liquor there, and evidence that thereafter there was drinking from a half-gallon jug, and that the drinkers showed evidence of intoxication, and by one witness that he drank intoxicating liquor from a half-gallon jug in the house. The defendant offered no evidence.

"Circumstantial evidence is not as a matter of law inferior to direct evidence. The two kinds of evidence are in effect the same if equally convincing; they are entitled to the same weight, and, in the concrete, circumstantial evidence may be the stronger. The test of the sufficiency of the circumstantial evidence is not whether it produces the same conviction as the positive testimony of a single eyewitness, but whether it produces a moral conviction to the exclusion of every reasonable doubt." (16 C. J., p. 763, sec. 1567.)

See, also, *State v. McLennan*, 40 Ida. 286, 231 Pac. 718; *State v. Black*, 36 Ida. 27, 208 Pac. 851; *State v. Levy*, 9 Ida. 483, 75 Pac. 227.

[2] Appellant assigns error in overruling his objection to the following question: "Did you observe any signs of intoxication after the arrival of those parties and the drinking by those parties?"

The answer was: "Well, from a general appearance, I would say they were."

The question was not improper. The witness had already stated that she saw no liquor or drinking in the house be-

fore the arrival of these parties, and that after their arrival she saw a jug, and observed various members of the party drinking. The fact that drinking, followed by intoxication, occurred in the house after the arrival of the occupants of this car, was a link in the chain of circumstantial evidence tending to prove that defendant sold intoxicating liquor.

"The fact that the liquor sold was intoxicating may be shown by any competent evidence whether direct or circumstantial." (23 Cyc., p. 266, n. 57.)

[3] Appellant complains of the court's action in overruling his objection to the following question:

"I will ask you to state whether or not this jug marked 'Plaintiff's Exhibit 2' has the same appearance as the jug from which you testified the party was drinking liquor or moonshine at the Lidloff home?"

The witness answered: "It does."

Appellant argues that the jug marked "Plaintiff's Exhibit 2" was "utterly foreign to the issues, was never offered or admitted in evidence, nor even attempted to be identified." This practice was not proper without some identification of the jug as one involved in the case. But there was no showing of any peculiarity of this or any jug mentioned by the witnesses, and the ruling did not tend to prejudice defendant in respect to any substantial right. (C. S., sec. 9191.)

[4] Appellant assigns as error that an instruction that the jury could find defendant guilty of an attempt to commit the offense charged was ungrammatical, unintelligible and contrary to law. While the instruction as a whole was not grammatically correct, we do not believe that the error in punctuation was sufficient to mislead the jury as to its meaning. We feel sure that a person of ordinary intelligence and understanding, reading the instruction in its entirety, would not fail to comprehend the thought intended to be conveyed. The jury did not find the defendant guilty of an attempt, but of a higher offense, the actual commission of the crime. Error in giving a wrong instruction upon lesser degrees or offenses works no prejudice when the de-

fendant is convicted, upon satisfying evidence, of a higher charge, under correct instructions relating to it, where the jury could not have been misled into the conviction of the higher degree of crime by anything in the instruction. (*State v. Winters*, 81 Kan. 414, 105 Pac. 516; *State v. Moffat*, 20 Mont. 371, 51 Pac. 823; *Jordan v. State*, 50 Fla. 94, 39 So. 155.) Considering all the instructions, there was nothing in this instruction prejudicial to the defendant.

There is sufficient evidence to justify the verdict of the jury, and it will therefore not be set aside.

The judgment is affirmed.

Wm. E. Lee, Budge and Givens, JJ., concur.