Appellant was tried and convicted of the crime of operating a motor vehicle upon a public highway, February 5, 1938, while under the influence of intoxicating liquor. He was sentenced to thirty days in the county jail and to pay a fine of $300 and costs of prosecution. From the judgment of conviction and order denying motion for new trial, he has appealed to this court.
In limine, the attorney general contends that the assignments of error are too indefinite to merit consideration under the rule in this state, as announced and followed in State v.Maguire, 31 Idaho 24, 169 P. 175; State v. Poynter, 34 Idaho 504, 513, 205 P. 561, 208 P. 871; State v. Sims, 35 Idaho 505, 508, 206 P. 1045; State v. Becker, 35 Idaho 568,207 Pac. 429; State v. Sayko, 37 Idaho 430, 216 P. 1036; State v.Brockman, 39 Idaho 468, 477, 228 P. 250; State v. Johnson,39 Idaho 440, 227 P. 1052. It is true that the specifications are not up to the requirements of the rule but under the exception recognized in Noble v. Harris, 33 Idaho 188, 190 P. 922, andHoy v. Anderson, 39 Idaho 430, 439, 227 P. 1058, we will consider such assignments as are specifically discussed in appellant's brief.
It is argued by appellant that the trial court erred in denying his counsel the right to examine jurors on theirvoir dire as to certain possible prejudices and beliefs entertained by them; and that during the examination of the jurors certain rulings of the court were made which tended to prejudice the defendant by reason of the court belittling defendant's *Page 82 
counsel. In support of appellant's contention he cites the following from the record:
On voir dire:
"Mr. MULLINS: I'll repeat the question I asked Mr. Kyle, for the record:
Q. (By Mr. MULLINS.) Mr. Kyle, do you have any religious or other prejudice against a man who may take a drink of intoxicating liquor.
Mr. ANDERSON: I wish to object to that on the ground it is incompetent, irrelevant and immaterial and not a proper question to be asked of a juror on voir dire examination.
The COURT: Objection sustained.
Mr. MULLINS: We except to that, and to the remark made by the court, to the effect that — the court made the remark that the defendant was not in Justice Court. We take exception to that remark.
The COURT: The exception is allowed."
We fail to see anything prejudicial in the remark of the court that "the defendant was not in Justice Court." (State v.Freitag, 53 Idaho 726, 734, 27 P.2d 68; State v. Neil,58 Idaho 359, 74 P.2d 586; State v. Roland, 11 Idaho 490,83 Pac. 337; State v. Seablom. 103 Wn. 53, 173 P. 721; Statev. Hughlett, 124 Wn. 366, 214 P. 841.) The record in that respect is incomplete and we are not informed as to what circumstances lead up to the court's making the remark. It is a recognized rule of this court that the trial court should make no remarks or comments that would tend to prejudice either of the parties litigant on the trial. Prejudicial comment should be avoided. (State v. Mox Mox, 28 Idaho 176, 181, 152 P. 802;State v. Neil, 58 Idaho 359, 367, 74 P.2d 586.)
We do not think, however, it was error for the trial court to sustain the objections to the questions propounded to the jurymen with reference to their "prejudice against a man who may take a drink of intoxicating liquor" and with reference to any religious prejudices they might entertain. It is true that no possible answer the juror might have made to this line of questions would have been ground for challenge to the juror, but the answer would necessarily have *Page 83 
afforded counsel information which might have enabled him to more intelligently exercise his peremptory challenges. It is for this reason that a wide latitude is allowed counsel in the examination of jurors on their voir dire. (Beatty v. UnitedStates, 27 Fed. (2d) 323, 324; Young v. State, 41 Okl. Cr. 226,271, Pac. 426, 429; Menefee v. State, 30 Okl. Cr. 400,236 Pac. 439; Cummings v. State, 32 Okl. Cr. 274, 240 P. 1078; Turnagev. State, 40 Okl. Cr. 180, 267 P. 1038; Elliott v.State, 117 Tex. Cr. 180, 36 S.W.2d 513.)
Counsel makes the further assignment:
"That the Court erred in permitting on rebuttal the testimony of witnesses as to other acts of intoxication claimed to have been committed by the Appellant, which said acts were not committed on the 5th day of February, 1938, or at the time alleged, in said amended complaint on file herein." The objections urged in appellant's brief are not directed against cross-examination of his witnesses but are rather against the ruling of the court in permitting answers from the witnesses Holmes and Summers in reference to independent acts of intoxication and to the introduction of such testimony on rebuttal. The witness Holmes, on rebuttal, was allowed, over the objection of appellant's counsel, to answer the following question:
"Mr. Holmes, did you see the defendant, L.L. Miller under the influence of intoxicating liquor to such a degree that he was not — that it was not safe for him to drive an automobile and so as to impair his ability to operate an automobile to some extent, during the month of December 1937."
The answer should not have been allowed for the following reasons: It was not proper or competent evidence tending to prove the particular offense with which appellant was charged; and it was not admissible for the purposes of rebutting the testimony as to appellant's good character for sobriety, for the reason that specific facts and instances may not be shown either to corroborate or rebut evidence of general reputation. (Harrison v. Harker, 44 Utah, 541, 142 P. 716, 722; State v.Anselmo, 46 Utah, 137, 148 P. 1071; People v. Smith, 9 Cal.App. 644,99 P. 1111, 1112; People v. Bishop, 81 Cal. 113,22 Pac. 477; Allison's Exr. v. Wood, *Page 84 104 Va. 765, 52 S.E. 559, 561., 7 Ann. Cas. 721; Thurpin v.Commonwealth, 147 Va. 709, 137 S.E. 528.) Furthermore, it was not admissible as evidence of an independent act of a similar character. (People v. Smith, supra.)
Evidence as to the character of an accused, whether introduced in his behalf or in behalf of the prosecution, must be confined to his general reputation and cannot be established by proof of specific acts, nor as a result of conversations between police officers. (People v. Bishop, supra; Harrison v.Harker, supra; State v. Anselmo, supra, at p. 1080.)
The witness Summers was a police officer in Nampa. He was called by the state on rebuttal and asked the following question:
"Mr. ANDERSON: Q. Mr. Summers, have any officers, after you were night captain, reported to you about Mr. Miller being under the influence of intoxicating liquor and discussed that matter with you previous to this case coming up."
Defendant's objection to the question was overruled and he was allowed to answer. His answer was that he had received such reports within the last six months. This was erroneous and prejudicial. While it is to be regretted that anybody should allow himself to succumb to the influence of intoxicating liquor, nevertheless, it is a fact that many people do so at times, and it would be a very dangerous practice to allow this kind of general testimony used against a man when he is charged with the specific act of driving an automobile while in a state of intoxication. The state is in the business of selling liquor to people and it is consequently under the necessity of taking notice that people drink liquor who are not guilty of driving automobiles while in a state of intoxication.
The witness McConnell was also called on rebuttal and over the objection of defendant was allowed to testify that he saw defendant about 6 o'clock in the evening of February 5th, and that he "was under the influence of intoxicating liquor." This evidence was competent as a part of the state's case and should have been introduced in the case *Page 85 
in chief. It was admissible in rebuttal only upon a showing of "good reason" and that its admission would be "in furtherance of justice." (I. C. A., sec. 19-2001, subd. 4; State. v. Waln,14 Idaho 1, 80 P. 221.)
Other matters have been referred to in appellant's brief but without sufficient assignments of error or identification in the brief to justify their consideration.
For the reasons above stated, the judgment must be reversed and the cause is remanded for new trial.
Morgan and Holden, JJ., concur.