GUY MOORE v. THE STATE.

No. 8476.   Decided October 8, 1924.

No motion for rehearing filed.

1.—Possessing Intoxicating Liquor—Challenge of Juror on Voir Dire.

Trial court should permit appellant in examination of jurors on their *voir dire* to ask them whether or not any of them belonged to the Ku Klux Klan.   Such question was permissible to enable appellant to exercise his peremptory challenges.   See 95 Tex. Crim. App., 311, 254 S. W., 793.

Appeal from the District Court of Jefferson County; tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction of possessing intoxicating liquor, punishment one year confinement in the State penitentiary.

*Howth & O'Jiel,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale.

Under the disposition we find necessary to make of the case a statement of the facts is not called for.

Bill of exception number one reveals that as a basis for the intelligent exercise of his peremptory challenge appellant asked the jurors if any of them belonged to the Ku Klux Klan. The court declined to permit the question to be answered, but himself asked them the following general question:

"If any of you belong to any social order, the principles of which will prevent you from rendering a fair and impartial verdict in this case, or if you have taken any oath or obligation which would be in controversion of your oath as a juror in this case, and if for any reason you would or could not in your action as a juror in this case, regard and be governed by your oath as a juror as superior to any other obligation, please speak out now and let it be known, for if such be the case, you are not a qualified juror."

None of the jurors made affirmative reply. This court recently has had occasion to review similar proceedings, and the Benson case, 95 Tex. Crim. Rep., 311, 254 S. W., 793, is upon the direct point that a general question such as was here propounded will not suffice for the specific question directed to the jurors by appellant's counsel and that the ruling in the present instance abridged the right of accused to interrogate proposed jurymen to the end that he might exercise his peremptory challenge in an intelligent manner; to the same effect is Belcher v. State, 257 S. W., 1097; Welk v. State, 257 S. W., 1098; Reich v. State, 94 Tex. Crim. Rep., 449, 251 S. W., 1072; Bennett v. State, 261 S. W. 1036. It is but fair to the learned trial judge to state that some of the cases referred to had not been decided when this case was tried.

The judgment must be reversed for the error discussed. The other questions presented we regard as unimportant or such as will not likely arise upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*