## GERALD CUMMINGS v. STATE.

No. A-5292.   Opinion Filed Nov. 17, 1925.
(240 Pac. 1078.)

Ed. Crossland, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. This appeal is prosecuted from a conviction had in the county court of Tulsa county in which the defendant, Gerald Cummings, was found guilty of the offense of having possession of intoxicating liquor with intent to sell the same. The jury fixed the punishment at a fine of $300 and confinement in the county jail for 60 days.

A number of errors are assigned; the first is as follows: Refusal of the trial court to permit defendant to examine jurors on their voir dire as a basis for an intelligent exercise of his peremptory challenges.

The record shows that the court refused to permit the following question to be asked of each juror on his voir dire:

"Are you a member of what is known as the Knights of the Ku Klux Klan, or what is known as the Invisible Empire?"

In Menefee v. State, 30 Okla. Cr. 400, 236 P. 439, we held that—

"Refusal to permit jurors to answer the defendant's question whether they belonged to the Ku Klux Klan, for the purpose of laying a foundation for peremptory challenge of jurors, held reversible error."

In the opinion it is said:

"The Constitution guarantees to every defendant in a criminal case a fair trial by an impartial jury. In order to determine whether the person called as a juror possesses the necessary qualifications, whether he has prejudged the case, whether his mind is free from prejudice or bias, the defendant has the right to ask him questions, the answer to which may tend to show that he may be challenged for cause or disclose a state of facts upon which the defendant may see proper to reject such juror peremptorily."

Upon the record in this case we are not called upon to decide whether an affirmative answer to the question propounded to the jury would have been grounds for chal-

lenge for cause. The questions were asked with a view of ascertaining facts upon which to base a peremptory challenge, and for this purpose they were proper, and should have been answered.

The evidence shows that on the date alleged, under authority of a search warrant, the officers visited the defendant's home, two or three miles northeast of the town of Bixby, and searched the premises.

When the case was called for trial the defendant objected to the introduction of any testimony being given by the witness J. A. Sewell, W. E. Pinion, and J. F. Donaldson, whose names are indorsed on the information, for the reason that the search and seizure was made by these witnesses under a search warrant; that it was issued by the county judge of Tulsa county on January 7, 1924; that at that time there was no affidavit made by any one or by J. A. Sewell, and said search warrant was therefore void. In support of the objection the affidavit and search warrant were offered in evidence, and the court refused to admit the same, saying, "The record may show they were offered and refused."

The record shows that the affidavit upon which the search warrant was issued recites:

"That the said liquor is being disposed of and kept in the manner aforesaid by one John Doe, whose real name is unknown to informant, on the following described premises, situate in Tulsa county, to wit: Section 18, 17, 14, East Tulsa county, frame house, outbuildings, and surrounding premises.

"[Signed]                                      J. A. Sewell.

"Subscribed and sworn to this 8th day of January, 1924.

"Hal Turner, County Clerk."

The search warrant issued thereon concludes:

"In witness whereof I have hereunto set my hand this 7th day of January, 1924.

"[Signed] John P. Boyd, Judge of the County Court."

Thus it appears that said search warrant, issued one day before the affidavit upon which it was issued, was verified.

Against the same objection the three witnesses named testified for the state. At the close of the testimony of each witness the defendant moved to strike on the ground that "the search warrant calls for a search of a section of land, and does not state in what part of the section the defendant resides, and that he did not own all the premises."

At the close of the state's case, the defendant's counsel asked the court to direct or advise the jury to return a verdict of not guilty upon the ground that all the evidence admitted in the case was incompetent, because the same was obtained in serving a void search warrant, which motion was overruled.

It is the well-settled doctrine in this state that constitutional provisions against unreasonable searches and seizures, and against compelling one to be a witness against himself, secure the individual in his person, his home, and his property from invasion by officers executing illegal and void search warrants.

In the case of Wiese et al. v. State, 32 Okla. Cr. 203, 240 P. 1075, we held:

"Affidavit for search warrant, describing the place to be searched as a certain section of land, and without naming the owner, is insufficient to furnish the particular description of the place to be searched, where it appeared that the land so designated was owned and occupied by several persons, so that it was in fact several places."

The record in this case shows beyond a doubt that the

search warrant in this case was not issued in accordance with law.

It has been repeatedly decided by this court that evidence obtained by an unlawful search and seizure, and contrary to section 30 of the Bill of Rights, is inadmissible against the defendant as being in violation of section 21 of the Bill of Rights, giving one accused of crime immunity from becoming a witness against himself.

For the reasons stated, the judgment of the lower court is reversed and the cause remanded, with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.