## BUCK BUCHANAN et al. v. STATE.

No. A-5402.   Opinion Filed March 6, 1926.
(243 Pac. 992.)

Ed Crossland, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Tulsa county, May 22, 1924, Buck Buchanan and Sam Hart and two others did unlawfully set up, operate, and maintain a still and manufacture intoxicating liquor, to wit, whisky. On the trial the jury returned verdicts finding the plaintiffs in error guilty as charged in the information and assessed the penalty of each at a fine of $500 and confinement in the county jail for six months.

Of the numerous errors assigned, we deem it only necessary to consider those based on the refusal of the trial court to permit counsel for defendants to examine the jurors on their voir dire as a basis for an intelligent exercise of peremptory challenges.

The record shows that the court refused to permit the following question to be asked of each juror; and allowed exceptions.

"Q. Are you a member of an organization known as the Knights of the Ku Klux Klan, or a citizen of what is called the Invisible Empire? . Mr. Kirkpatrick: Object to that as an improper question to be asked a juror on examination for cause. Mr. Crossland: We ask that these jurors be permitted to answer this question as to whether they are members of the Knights of the Ku Klux Klan or citizens of what is known as the Invisible Empire; in order that we may use that information in the exercise of our peremptory challenges. Mr. Kirkpatrick: The court having ruled on the question heretofore asked, we ask that counsel be admonished to refrain from any further questioning along that line. The Court: The court has ruled, and will rule again, that is not a proper question. Exception allowed."

In Menefee v. State, 30 Okla. Cr. 400, 236 P. 439, we held that:

"Refusal to permit jurors to answer the defend-

ant's question whether they belonged to the Ku Klux Klan, for the purpose of laying a foundation for peremptory challenge of jurors, held reversible error."

In the opinion it is said:

"The Constitution guarantees to every defendant in a criminal case a fair trial by an impartial jury. In order to determine whether the person called as a juror possesses the necessary qualifications, whether he has prejudged the case, whether his mind is free from prejudice or bias, the defendant has the right to ask him questions, the answer to which may tend to show that he may be challenged for cause or disclose a state of facts upon which the defendant may see proper to reject such juror peremptorily."

In Cummings v. State, 32 Okla. Cr. 274, 240 P. 1078, it was held:

"Refusal to permit the defendant to ask jurors on voir dire examination if they were members of the Knights of the Ku Klux Klan, or what is known as the Invisible Empire, for the purpose of laying a foundation for peremptory challenge, held error."

And see Raymer v. State, 32 Okla. Cr. 385, 241 Pac. 499.

The statute confers upon one accused of a misdemeanor the right of exercising three peremptory challenges. Section 2671, C. S. 1921.

A peremptory challenge, as defined by the statute, "is an objection to a juror for which no reason need be given, but upon which the court must excuse him." Section 2670.

The right of challenge comes from the common law with the trial by jury itself and has always been held essential to the fairness of trial by jury. In conferring this right the law gives effect to the natural impulse to eliminate from the jury not only persons who are ren-

dered incompetent for some of the disqualifying causes named in the statute, but persons who by reason of politics, religion, environment, association, or appearance, or by reason of the want of information with reference to them the defendant may object to their service upon the jury, to which the disposition of his life or liberty is submitted.

The assignment of errors includes other alleged grounds for a reversal of the judgments, none of which, we think, are likely to arise upon another trial.

For the errors indicated, the judgments appealed from are reversed, and the case remanded for further proceedings in accordance with law.

BESSEY, P. J., and EDWARDS, J., concur.