### R. H. O'LEARY v. STATE.

No. A-5541. Opinion Filed April 24, 1926.
(245 Pac. 667.)

I. H. Lookabaugh, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. This appeal is from a judgment of the county court of Blaine county, rendered on the verdict of a jury finding the defendant, O'Leary, guilty of unlawful possession of intoxicating liquor and fixing his punishment at a fine of $100 and confinement in the county jail for 30 days.

The errors assigned are in substance as follows: That the court erred in overruling defendant's challenge to the open venire, on the ground that the sheriff who summoned the jury was a witness for the state; that the court erred in refusing counsel for defendant to ask jurors on their voir dire examination if they were members of the Ku Klux Klan, as a basis for an intelligent exercise of the peremptory challenges; and that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

The evidence for the state was to the effect that Charley Myers, deputy sheriff, and George Hamel, city marshal, of Canton, stopped the defendant and searched him, and the defendant dropped two bottles containing whisky on the ground.

The defense was a denial of the possession of the whisky, corroborated by one or two witnesses, who were

present when the search was made. The prosecution admitted that the search was made without a search warrant and without a warrant for the arrest of the defendant.

The questions presented here are the same as in the case of Roof et al. v. State, 34 Okla. Cr. 145, 245 P. 666, opinion this day handed down.

It also appears that all the evidence in the case was obtained by the officers by unlawful search and seizure.

For the reasons given in the opinion in the Roof Case, and the conviction having no sufficient foundation to support it without the use of evidence, which had been unlawfully obtained, the judgment of the lower court is reversed and case remanded, with direction to discharge the defendant.

BESSEY, P. J., and EDWARDS, J., concur.