JOHN ROOF et al. v. STATE.

No. A-5542.   Opinion Filed April 24, 1926.
(245 Pac. 666.)

I. H. Lookabaugh and T. U. Cooke, for plaintiffs in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.  Upon an information against R. D. Pike, John Roof, and Reed Roof, charging them with manufacturing intoxicating liquor, the defendant Pike pleaded guilty. Appellants were placed on trial, and a mistrial resulted. On their second trial the jury returned a verdict finding them guilty and fixing the punishment of each at a fine of $50 and confinement in the county jail for 30 days.  To reverse the judgment they appeal.

A number of errors are assigned and argued, but one or two of which it is deemed necessary to notice:

That the court erred in overruling the defendants' challenge to the special venire on the ground that S. E. Sutherland, sheriff, a witness for the state, E. M. Pearson, undersheriff, a witness for the state, and F. G. Bergman, deputy sheriff, and a witness for the state, who summoned the jury, were each biased and prejudiced against them in this case.  The objection was overruled. Exception allowed.

That the court erred in refusing to permit counsel for the defendants to examine jurors on their voir dire as a basis for an intelligent exercise of peremptory challenges.

The record shows that the court refused to permit the following question to be asked of each juror:

"Q. Do you now belong or have you ever belonged to an organization known as the Ku Klux Klan?

"The County Attorney: Objected to as incompetent, irrelevant, and immaterial.

"The Court: Sustained. ·Exception."

After the defendants had exercised all their peremptory challenges, the record recites:

"Counsel for the Defense: Now, the defendants object to going to trial before this jury for the reason that the same is composed of members drawn and summoned on open venire; that according to the information and belief of the defendants every member of this jury, or at least the majority of them, are members of what is known as the Ku Klux Klan; that the court has refused to allow the defendant to inquire into the question as to whether they are members of that organization, and for that reason the defendants were unable intelligently to exercise their peremptory challenges, and because of the fact that it was summoned by the sheriff or undersheriff or deputy sheriff, witnesses in the case, who are all biased and prejudiced and disqualified to fairly select the jurors of the special panel to try this case. The objection was overruled. Exception allowed."

The truth of the grounds of challenge seems to have been admitted.

A person accused of crime has by the Constitution and laws of Oklahoma a right to a trial by an impartial jury. Our Criminal Code provides:

"When the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror. Such challenge must be made in the same form, and determined in the same manner as if made to a juror." Section 2665, C. S. 1921.

148

It is essential to the fair and impartial administration of justice that an open or secial venire shall be summoned by an officer who is not disqualified by reason of interest, bias, or prejudice.

In Lyde v. State, 21 Okla. Cr. 426, 209 P. 226, it is said:

"This statute is well calculated to guard against hand-picked juries by officers who might be inclined to select individuals whose inclinations and prejudices would cause them to favor a conviction. This court has recently held, in the case of Liddell v. State, 18 Okla. Cr. 87, 193 P. 52, 16 A. L. R. 405, in a well written opinion by Judge Matson, that it is essential to the fair and impartial administration of justice that an open or special venire of jurors should be summoned by an officer who is not disqualified by reason of interest, bias, or prejudice, and that where the sheriff who serves the open or special venire of jurors is a material witness for the state, and a challenge to the panel of such open venire is interposed, it is prejudicial and reversible error for the trial court to overrule such challenge, citing Koontz v. State, 10 Okla. Cr. 553, 139 P. 842, Ann. Cas. 1916A, 689. This principle has also been stated and upheld in Shepherd v. State (Okla. Cr. App.) 192 P. 235; Hisaw v. State, 13 Okla. Cr. 484, Harjo v. United States, 1 Okla. Cr. 590, 98 P. 1021, 20 L. R. A. (N. S.) 1013."

It follows from what has been said that the challenge to the panel should have been sustained.

By numerous decisions of this court it is held that refusal to permit jurors to answer defendant's question whether they belong to the Ku Klux Klan, for the purpose of laying a foundation for peremptory challenge of jurors, is reversible error. Menefee v. State, 30 Okla. Cr. 400, 236 P. 439; Cummings v. State, 32 Okla. Cr. 274, 240 P. 1078; Raymer v. State, 32 Okla. Cr. 385, 241 P. 499.

The statute confers upon one accused of a misde-

meanor the right of exercising three peremptory challenges. Section 2671, C. S. 1921. A peremptory challenge, as defined by the statute, "is an objection to a juror for which no reason need be given, but upon which the court must excuse him." Section 2670.

The right of challenge comes from the common law with the trial by jury itself, and has always been essential to the fairness of trial by jury. In conferring this right the law gives effect to the natural impulse to eliminate from the jury, not only persons who are rendered incompetent for some of the disqualifying causes named in the statute, but persons who by reason of politics, religion, environment, association, or appearance, or by reason of the want of information with reference to them, the defendant may object to their services upon the jury to which the disposition of his life or liberty is submitted.

For the errors indicated, the judgments appealed from are reversed and the case remanded for further proceedings in accordance with law.

BESSEY, P. J., and EDWARDS, J., concur.