ERNEST L. COOLEY v. STATE.

No. A-5517. Opinion Filed May 22, 1926.
(246 Pac. 650.)

L. T. Wilson, C. E. Wilhite, and A. J. Stevens, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

BESSEY, P. J. The plaintiff in error, defendant in the trial court, was found guilty of rape in the second degree, with his punishment fixed by the jury at confinement in the penitentiary for 15 years.

Since the sufficiency of the evidence is challenged, and the weight of the evidence affecting other features of the case is argued, it becomes necessary to recite the facts somwhat in detail.

The state's evidence shows that the defendant, Ernest L. Cooley, was a man 52 years of age, a member of the church of Jesus Christ of Latter Day Saints, a lay preacher of Aaronic priesthood, as well as a farmer, blacksmith, and broom maker. Mildred Wells, the prosecuting witness, 15 years of age, resided with other members of the Wells family on a farm 7 miles from the farm home of the defendant. The Wells family were also members of the church of Latter Day Saints, and the two families had been intimately associated in their religious and social activities, and also were in the habit of exchanging work and services on their farms. Just before the commission of the alleged offense, the defendant had been operating a disc listing plow in one of the Wells fields, and Mildred Wells had been operating a plow in a different portion of the same field. After the noon hour, the defendant and Mildred drove two teams, with some farming equipment, to the home of the de-

fendant, where both began to work with their respective teams in a field adjacent to defendant's house. After awhile the defendant and Mildred took some metal plates to be repaired into a combined blacksmith shop and garage, facing the house where the wife of the defendant was engaged in her household duties. Mildred turned the forge while the defendant did the welding.

Mildred testified that while they were there the defendant put his arm around her and kissed her and "mentioned having intercourse"; that after taking liberties with her person "he led me or had me to go over to the car, took hold of my arm when I got up in the car, in the back seat of a Ford touring car, and told me to sit on the edge of the back seat and lean back and I did." Without hesitation she stated in detail how the sexual act complained of was accomplished, and how she assisted the defendant to adjust and remove portions of her clothing, and that the act was apparently accomplished with her consent and co-operation; that the act was completed without pain, lacerations, or stains on her person or body. She testified further that she and the defendant had indulged in improper caresses both before and after this occasion, but that this was the only act of copulation. Some months after this occurrence the prosecuting witness told her sister of the incidents just related, and the sister in turn told her mother. Then followed an ecclesiastic trial or investigation, in which the defendant was neither exonerated nor found guilty. Later this prosecution was commenced.

The defendant and his wife denied in toto all of the incriminating facts shown; denied that Mildred Wells was even with him in the shop or garage that day.

We hold, however, that the evidence as a whole was of sufficient probative force to go to the jury.

For the purpose of intelligently exercising his right

to peremptory challenges, the defendant, at the threshold of the trial, sought to interrogate prospective jurors as to their affiliation with the Ku Klux Klan. This request was by the court refused.

Under the provisions of section 2671, Comp. Stat. 1921, the defendant had a right to challenge five jurors peremptorily, without assigning any reason or cause for challenge. If the accused wished to exercise that right he should have been given a reasonable opportunity to discover the state of mind of the different jurors, or any collateral matter reasonably liable to influence them, including possible secret obligations or affiliations such as are disclosed here. An examination of a juror on his voir dire has a twofold purpose: First, to ascertain when a cause of challenge exists; and, second, to ascertain whether it is wise or expedient to exercise the right to challenge peremptorily. We think the right of the accused to challenge jurors peremptorily, under the peculiar circumstances shown in the record, was prejudicially impaired.

The conviction is reversed, and the cause remanded.

DOYLE and EDWARDS, JJ., concur.