## ED TURNAGE v. STATE.

No. A-6156. Opinion Filed May 26, 1928.
(267 Pac. 1038.)

Clyde H. Wyand, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was tried by a jury and found guilty of transporting intoxicating liquor, and his punishment fixed at a fine of $100 and 60 days' imprisonment in the county jail. Motion for new trial was filed and overruled, exceptions saved, and an appeal to this court perfected.

Defendant demurred to the information on the ground that the information shows that the offense charged against the defendant is alleged to have occurred on March 27, 1925; the information was filed on the same date, and fails to allege that the offense occurred anterior to the

filing of the information—which demurrer was overruled and defendant duly excepted.

John W. Bayless, a witness for the state, in substance testified as follows:

That he was an undersheriff and knew the defendant; that he had started to dinner on March 27, 1925, and saw defendant drive his car by the Quick Lunch and get out; saw him put a bottle in his pocket, and noticed he kept holding it; he came up the street to his car, which was parked west of the Woodward Hospital; Mr. Turnage, Mr. Richards, and Mr. Turnage's little boy were in the car. "I asked Turnage to give me the whisky, and he said he did not have any, and stepped on the gas. I lit on the running board, and was holding on with my right hand, and ordered him to stop. He tried to push me off the running board. I pulled my gun and he found the brakes; stepped off about three feet from the car and said, 'Now, give me the whisky.' While I was on the car, Mr. Richards tried to get him not to resist an officer. He reached back in the car and got a bottle and threw it on the ground, and said, 'There it is.' Exhibit 1 is remnants of the bottle Ed Turnage had in his possession on the 27th day of March, 1925. I investigated, and the contents of the bottle was whisky.'

On cross-examination the undersheriff testified that he did not have a warrant for the arrest of the defendant, nor to search his automobile. The defendant then moved to strike from the record, and the consideration of the jury, all of the testimony of the witness Bayless concerning the bottle, and any testimony in connection with that, which motion was overruled, and defendant duly excepted. Further on witness stated:

That he had seen a package, but that he had not seen the bottle. "The package looked like it contained a bottle. The bottle was wrapped in newspapers, and I could not have sworn what was in it; that is why I wanted to see it. I could not see the bottle through the paper."

Witness Lesley F. Carrithers testified that he came to town with the defendant that morning, and on the road

they picked up a bottle that had a little watery substance in it; it looked like muddy water; that he spoke to defendant about getting the cork out of the bottle, which was pushed down in the bottle a bit; any one would have been foolish to have tasted or tried to drink it, but I think the defendant put the bottle in his car. The defendant admitted picking up the bottle out there, as testified to by witness Carrithers, and also testified that he did not know what was in the bottle, and did not try to find out.

That were other witnesses in this case, but we do not deem it necessary to consider their testimony.

The defendant urges that the court erred in overruling his motion or demurrer to quash the information. Section 2559, Compiled Statutes 1921, is as follows:

"The precise time at which the offense was committed need not be stated in the indictment or information; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense."

Wharton, Criminal Procedure, vol. 1, p. 216, § 163, lays down a rule and says:

"To assign the day as that of the finding of a bill (unless there be a specific averment that the offense was prior to the finding) is bad."

Where the offense is alleged to have been committed on the same day the information is sworn to and filed in court, the information should contain the allegation that the offense committed was committed anterior to the time of the filing of the information. The court erred in overruling the demurrer and motion of the defendant.

The defendant further urges that the court committed error in refusing to permit the defendant to inquire of the jurors on their voir dire as to their membership in the Ku Klux Klan, and insists that the refusal of the court to permit the jury to be interrogated as to whether they were

members, or had been members, of the Klan, was an error, and deprived the defendant of a fair and impartial trial under the law. Under the law, a defendant in cases of this character would be entitled to three peremptory challenges, and in order that he may properly exercise his challenges it was the duty of the court to permit him to ask the jurors whether they belonged to the Ku Klux Klan, for the purpose of laying a foundation for the peremptory challenge of the jurors.

In Menefee v. State, 30 Okla. Cr. 400, 236 P. 439, we hold that:

"Refusal to permit jurors to answer the defendant's question whether they belonged to the Ku Klux Klan, for the purpose of laying a foundation for peremptory challenge of jurors, held reversible error."

This court has repeatedly held that the trial court, in refusing to permit the defendant to question the jurors as to their membership in the Ku Klux Klan, was error. Cummings v. State, 32 Okla. Cr. 274, 240 P. 1078; Raymer et al. v. State, 32 Okla. Cr. 385, 241 P. 499; Cooley v. State, 34 Okla. Cr. 281, 246 P. 650.

It is further urged by the defendant that the court erred in overruling his demurrer to the evidence, for the reason that the evidence of the witness, the undersheriff, John W. Bayless, was unlawfully obtained. This demurrer of the defendant should have been sustained. A careful reading of the testimony of the witness Bayless shows that he had no authority whatever to stop the defendant, who was pursuing his quiet and peaceful way along the streets of Woodward, and demand of him to know what was in the package in the car; nor did he have any right, when the defendant started away, to get on the running board of defendant's car, and demand him to stop it, and to go to the extreme, he testified he did, of drawing his gun on the defendant.

The conduct of witness Bayless in this case, who admits he had no warrant for the arrest of the defendant, or to search his car, was without authority of law, was unlawful, and any evidence procured by him was unlawfully procured, and was inadmissible against the defendant.

There are other errors assigned, but in the view we take of this record we do not deem it necessary to consider them.

For the reasons stated herein, the case to reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.