## PAUL MENEFEE v. STATE.

No. A-4665.     Opinion Filed May 29, 1928.
(236 Pac. 439.)

(Syllabus.)

1. **Jury—Right to Ask Jurors on Voir Dire Whether They Are Members of Ku Klux Klan.** On a trial for unlawful possession

of intoxicating liquor, the defendant has the right to ask the jurors on their voir dire, to enable him to exercise his right of peremptory challenge, whether they are members of the Ku Klux Klan, where counsel states that that organization is taking a particular interest in the prosecution in which they are called to sit as jurors.

2.    **Appeal and Error—Refusal to Permit Jurors to Answer on Voir Dire as to Whether They Belonged to Ku Klux Klan Held Reversible Error.** Refusal to permit jurors to answer the defendant's question whether they belonged to the Ku Klux Klan, for the purpose of laying a foundation for peremptory challenge of jurors, held, reversible error.

Appeal from County Court, Woods County; J. J. Glasser, Judge.

Paul Menefee was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed.

A. J. Stevens and C. E. Wilhite, for plaintiff in error.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

DOYLE, J.  Plaintiff in error, Paul Menefee, was convicted on a charge of unlawful possession of intoxicating liquor, and in accordance with the verdict of the jury was sentenced to be confined in jail for 60 days and to pay a fine of $200.  To reverse the judgment he appeals.

The sheriff, a deputy sheriff, and the city marshal of Alva testified that on March 10, 1923, under authority of a search warrant they visited the premises occupied by the defendant on the corner of Seventh and Santa Fe streets in the city of Alva, where they found and seized four or five bottles containing three quarts and three-fourths of a pint of corn whisky.  The defendant was not at home.  Mr. Rhodes, his brother-in-law and two sisters were there when the search was made.

At the close of the state's evidence the defendant demurred to the evidence and moved the court to advise the jury to return a verdict of not guilty on the grounds that

the evidence was insufficient to prove the commission of any offense, and that the evidence was insufficient to connect him with the alleged offense. The demurrer was overruled and the motion denied.

A number of errors are assigned. The first is as follows:

The refusal of the trial court to permit the defendant to examine the jurors on their voir dire as a basis for the intelligent exercise of his peremptory challenges. The record shows that the court refused to permit the following questions to be asked and allowed exceptions:

"Q. Are you now, or have you ever been, a member of the Ku Klux Klan, or what is more commonly known as the Invisible Empire?

"Q. Do you believe in the teachings, beliefs and practices of the Ku Klux Klan, and do you believe such organization is necessary to assist and aid the legally elected and qualified authorities in this state in enforcing the law?"

Counsel in their brief say:

"The defendant maintains that by the refusal of the trial court to permit him to examine the jurors on these matters he was prejudiced to such an extent that he could not properly exercise his peremptory challenges. And, further, in view of the fact that immediately prior to the convening of the said county court that secret organization caused to be distributed throughout the county of Woods handbills and 'dodgers', on which were printed sundry things that organization stood for, and heading the list was 'the elimination of the bootlegger,' and third on the list was 'trial by jury in all of the cases.' He was denied a fair and impartial trial."

The Constitution guarantees to every defendant in a criminal case a fair trial by an impartial jury. In order to determine whether the person called as a juror possesses the necessary qualifications, whether he has prejudged the case, whether his mind is free from prejudice or bias,

the defendant has the right to ask him questions the answer to which may tend to show that he may be challenged for cause or disclose a state of facts upon which the defendant may see proper to reject such juror peremptorily.

The statute confers upon one accused of a misdemeanor the right of exercising three peremptory challenges. Section 2671, C. S. 1921.

A peremptory challenge, as defined by the statute, "is an objection to a juror for which no reason need be given, but upon which the court must excuse him." Section 2670.

The right of challenge comes from the common law with the trial by jury itself, and has always been held essential to the fairness of trial by jury. In conferring this right the law gives effect to the natural impulse to eliminate from the jury not only persons who are rendered incompetent for some of the disqualifying causes named in the statute, but persons who, by reason of politics, religion, environment, association, or appearance, or by reason of the want of information with reference to them, the defendant may object to their service upon the jury to which the disposition of his life or liberty is submitted.

In the case of Johnson v. State, 28 Okla. Cr. 254, 230 P. 525, we decided that—

"Where an inquiry is made in good faith, predicated upon probable cause indicating that the rights of the accused may be affected, counsel for the defendant may, within reasonable bounds, limited by a fair discretion of the court, interrogate prospective jurors as to their membership in the Ku Klux Klan, in order that the accused may intelligently exercise his right to challenge jurors for cause, or peremptorily without cause, in such manner as will facilitate the selection of a jury that is in fact impartial."

In Moore v. State, 265 S. W. 385, a conviction for

possessing intoxicating liquor for the purpose of sale, was reversed; the Court of Criminal Appeals of Texas holding that—

"Refusal to permit jurors to answer defendant's question whether they belonged to Ku Klux Klan, as basis for exercise of peremptory challenges, held reversible error, though court asked any juror belonging to any social order, principles of which would prevent rendition of impartial verdict, or taking any oath in contravention of oath as juror, to let fact be known."

In Bethel v. State, 162 Ark. 76, 257 S. W. 740, 31 A. L. R. 402, it was held that:

"For the purpose of laying a foundation for peremptory challenge of jurors, they may be asked if they are members of the Ku Klux Klan, where counsel states that that organization is taking a particular interest in the prosecution in which they are called to sit as jurors."

Upon the record in this case we are not called upon to decide whether an affirmative answer to the questions propounded to the jurors would have been ground for challenge for cause. The questions were asked with a view to ascertain facts upon which to base a peremptory challenge, and for this purpose they were proper, and should have been answered.

Upon a consideration of all the testimony in the case, we are inclined to think that the court should have sustained the defendant's motion for a directed verdict, in that there was no evidence, direct or presumptive, tending to show an unlawful intent to dispose of the whisky found and seized at the defendant's home.

A defendant should not be convicted upon mere suspicion, or even strong probabilities of guilt. To warrant a conviction the testimony, when all considered, should be clear and convincing, entirely satisfying the minds of the jury.

For the reasons indicated, the judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.