FRED HAYNES v. STATE.

No. A-6416. Opinion Filed Feb. 23, 1929.
Rehearing Denied Nov. 16, 1929.
(284 Pac. 74.)

A. O. Manning, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Major county of selling whisky to minors, and was sentenced to serve five years in the state penitentiary, and to pay a fine of $500.

The record discloses that the evidence for the state is that, at the time charged, defendant sold one quart of whisky to two young men under the age of 21 years.  Defendant denies this, and offers considerable testimony in his defense.  The controverted question of fact was for the jury, and there is ample evidence to sustain a verdict of guilty.

It is first argued that the information is insufficient, in that it charges a sale to Orange Bolson and Fred Gifford, and does not allege that the sale was made in one and the same transaction. It would have been better pleading to have included this allegation in the information, but the information as a whole discloses that only one transaction is pleaded. The contention therefore is not tenable.

It is next argued that there is no proof that the whisky alleged to have been sold was intoxicating liquor or contained as much as one-half of 1 per cent. of alcohol, measured by volume. Where a violation of the prohibitory law is charged, involving intoxicating liquors, such as wine, beer, whisky, or alcohol, or other liquors per se intoxicating, this allegation is not necessary. It is only in cases where the offense sought to be charged involves liquors not made by any standard formula or not per se intoxicating, such as "jake," "choctaw beer," etc., that the allegation is necessary. Phelps et al. v. State, 36 Okla. Cr. 213, 253 Pac. 910; Rouney v. State, 32 Okla. Cr. 111, 240 Pac. 142; Coleman v. State, 39 Okla. Cr. 149, 263 Pac. 676; Crouse v. State, 39 Okla. Cr. 127, 263 Pac. 681; Rysinger v. State, 40 Okla. Cr. 159, 267 Pac. 686.

Complaint is next made that the court erred in restricting defendant in his examination of a juror on his voir dire. While examining the jury, counsel asked one juror if he was a member of the Ku Klux Klan. The court interposed, and informed the juror he might answer or refuse. The juror refused. This was error. It has been several times held by this court and by the courts of various of the other states that liberal latitude should be given the defendant in the examination of jurors that he may ascertain if there are grounds for challenge for either

actual or implied bias and to enable him to intelligently exercise his peremptory challenges. Temple v. State, 15 Okla. Cr. 176, 175 Pac. 733; Johnson v. State, 28 Okla. Cr. 254, 230 Pac. 525; Menefee v. State, 30 Okla. Cr. 400, 236 Pac. 439; Grim v. State, 32 Okla. Cr. 297, 240 Pac. 1093.

It is next argued that counsel assisting the state was guilty of misconduct prejudicial to defendant. There was very serious misconduct on the part of special counsel for the state in this particular, which should have been stopped by the trial court, and counsel should have been rebuked. Upon this assignment of error, the state has confessed error as follows:

"* * * Besides the error of the trial court in denying defendant's counsel the right to ask this question for the purpose of exercising a peremptory challenge as to that particular juror, a ground for reversal urged is that special counsel for the state was permitted over the objection and exception of the defendant to make certain prejudicial remarks in its closing argument to the jury. Counsel for the defendant has set out the remarks complained of at length in the brief filed in behalf of the defendant, and among such remarks we find the following:

" 'The officers would not ask for this penitentiary sentence if they did not know what they were doing, if this man had not been escaping their clutches for years and years, they wouldn't ask for it.'

"And again:

" 'The officers have done everything in their power to convict this fellow, they have finally got him where they want him, they have got a case against him that is going to break into that ring of bootleggers, if you men do your duty. Every one of us are asking that you give him the limit, five years. * * *'

"The foregoing remarks were entirely uncalled for; there was no evidence as to the defendant's character and reputation as a bootlegger; his character was not put into

issue, and counsel had no right to go outside of the record and indicate to the jury that the defendant was an old offender, and that the officers knew what they were doing and wanted him to get the limit of five years.

"Other excerpts from the remarks of the special counsel are called to the attention of this court, which said excerpts are evident appeals to the passion and prejudice of the jury and certainly must have operated to obtain for the state the extreme penalty of the law in this case.

"The Attorney General is convinced after reading the record, that this defendant is guilty, and that he should not entirely escape punishment because of these apparent errors committed during the trial.

"It is the opinion of the Attorney General, therefore, that this judgment of conviction should be modified because of these errors instead of being reversed because it is apparent, the Attorney General thinks, that another trial, if it be a fair and impartial one, could not result in any verdict except that of guilt. To what extent the judgment should be modified is a matter, of course, for the discretion of this court after considering the entire record. The penalty, however, in the opinion of the Attorney General should not be modified by reducing same to the minimum punishment allowed by law. This defendant should either receive a penitentiary sentence or at least, a severe jail sentence in addition to a fine."

The record discloses that defendant is guilty, but, on account of the errors complained of, justice requires that the case be either reversed or the punishment assessed materially reduced. Speedy and substantial justice will be done by reducing the punishment to confinement in the state penitentiary for a term of one year and to payment of a fine of $500.

As modified, the case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.