STATE OF INDIANA *v.* MCNULTY ET AL.

[Nos. 28,567, 28,569 and 28,571 to 28,585. Filed June 13, 1950. Rehearing denied October 4, 1950.]

498

*J. Emmett McManamon,* Attorney General, *George S. Dailey,* Prosecuting Attorney, 19th Judicial Circuit; *Robert L. Carrico* and *Samuel E. Garrison,* Deputy Prosecuting Attorneys, 19th Judicial Circuit, for appellant.

*Eugene H. Yockey; Cadick & Burns,* and *Symmes, Fleming & Symmes,* all of Indianapolis, for appellees.

STARR, J.—These seventeen appeals were consolidated by this court for briefing. Each of the indictments was returned by the grand jury of Marion County charging appellees with making and drawing a lottery scheme and gift enterprise in violation of § 10-2302, Burns' 1942 Replacement, Acts 1905, ch. 169, § 555, p. 584. This section of our statute reads as follows:

> "Whoever sells a lottery ticket or tickets, or a share or shares in any lottery scheme or gift enterprise, or acts as agent for any lottery scheme or gift enterprise, or aids or abets any person or persons to engage in the same, or transmits money by mail or express, or otherwise transmits the same, to any lottery scheme or gift enterprise for the division of property to be determined by chance, or makes or draws any lottery scheme or gift enterprise for a division of property not authorized by law, or who knowingly permits any building, tenement, wharf-boat or other watercraft owned, leased or controlled by him, to be used and occupied for any of the purposes above named, shall, on conviction, be fined not less than ten dollars ($10.00) nor more than five hundred dollars ($500)."

The indictment in cause No. 28,567 is in words and figures as follows:

> "The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that Thomas H. McNulty, Edward R. McNulty, Ralph Hitch, William B. Miller, and Hugh Flynn on or about the 2nd day of July, A.D. 1948, at and in the County of Marion and in the State of Indiana did then and there unlawfully make and draw a certain lottery scheme and gift enterprise, not authorized by law, and commonly known as the Five 3 out of 4 Friday Moon Baseball Lottery and Pool, for the division of a certain sum of lawful money of the United States of America, to be determined

by chance, the amount and a more particular description of said money are to the Grand Jurors unknown, and therefore can not be given and a more particular description of said lottery scheme and gift enterprise and the mode of operating and conducting such lottery scheme and gift enterprise including the method of determining the distribution of said money are to the Grand Jurors unknown and therefore can not be given all contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Indictments in appeals No. 28,567 and 28,575 to 28,584 inclusive, are each against the appellees, Thomas H. McNulty, Edward R. McNulty, Ralph Hitch, William B. Miller and Hugh Flynn. Indictments in appeals No. 28,569 and 28,571 to 28,574 inclusive; 28,580 and 28,585 are each against the appellees, Thomas H. McNulty, Edward R. McNulty and Hugh Flynn. Each of these indictments charged the defendants thereto with unlawfully making and drawing a certain lottery scheme and gift enterprise not authorized by law. Each, however, is for a different lottery scheme and gift enterprise. Otherwise the allegations in each indictment are identical.

To each of these indictments the defendants therein filed their motion to quash. Each of these motions is on the same grounds; namely, that the facts stated in the indictment do not constitute a public offense, and that it does not state the offense with sufficient certainty. Each of these motions to quash was sustained by the trial court and the state refused to plead further in each instance. It is from each of these rulings that each of these appeals has been taken. As the appellant has filed but one brief wherein the same questions are raised as to each appeal, and all of the appellees have joined in a single brief wherein

each appellee has presented the same questions as to each appeal, these cases are consolidated for the purposes of an opinion and disposition in this court.

Appellees insist that appellant's brief does not comply with our rules. They object that said brief does not set out appellant's praecipe for the transcript, nor does it set forth that the indictments were endorsed as a "true bill" or that they were endorsed by the foreman of the grand jury. There is no merit to any of these objections. Enough of the record is set out to fully present the errors relied upon as required by Rule 2-17 of this court. If a praecipe was not filed, or if any or all of the indictments were not endorsed as required by law, such facts could have been pointed out in appellant's answer brief as provided by Rule 2-18 of this court.

In each appeal the assignment of errors is in words as follows:

"The court erred in sustaining appellees' motion to quash the indictment herein and rendered judgment in favor of appellees' on quashing said indictment."

Appellees' contention that the assignment of errors in each case is duplicitious is without substance.

What is said by appellees in regard to appellant's prayer for appeal need not be considered, as a prayer for an appeal is mere surplusage under our present rules.

It will be noted that the charge in each indictment is that appellant "did then and there unlawfully make and draw a certain lottery scheme and gift enterprise for a division of property not authorized by law . . ." This charge is in the words of the statute defining the crime above set out.

The term "lottery" has a well-defined meaning. *Hudelson et al.* v. *The State* (1883), 94 Ind. 426; *Lynch* v. *Rosenthal* (1895), 144 Ind. 86, 42 N. E. 1103; so has the term "gift enterprise." *Lohman et al.* v. *The State* (1881), 81 Ind. 15; *Utz* v. *Wolf* (1920), 72 Ind. App. 572, 126 N. E. 327. We take judicial notice of the meaning of these terms.

An indictment for lottery is sufficient as a general rule, if the offense is charged in the language of the statute defining the crime, or in terms substantially equivalent thereto. *Commonwealth* v. *Sullivan* (1888), 146 Mass. 142, 15 N. E. 491; *Freleigh* v. *The State* (1844), 8 Mo. 606; *State* v. *Bove* (1922), 98 N. J. L. 350, 116 Atl. 766; *State* v. *Matthews* (1936), 117 W. Va. 97, 184 S. E. 665. See also *Trout* v. *The State* (1887), 111 Ind. 499, 12 N. E. 1005 and *Nichols* v. *State* (1902), 28 Ind. App. 674, 63 N. E. 783. Furthermore, in these indictments the pleader has used extra precaution by alleging that "a more particular description of said lottery scheme and gift enterprise including the method of determining the distribution of said money are to the grand jurors unknown, and therefore cannot be given." Ordinary experience teaches us such facts would be unknown to an average grand juror. If such facts had to be known and pleaded, it would often result in a situation where those who are guilty could not be prosecuted. On grounds of reasonable necessity, it is the law that facts not vital to the accusation and constituting merely matters of description, may be stated in an indictment as unknown to the grand jury if such is the case. 54 C. J. S., Lotteries, § 25, p. 869; 31 C. J., Indictments and Informations, § 197, p. 674; 38 C. J., Lotteries, § 50, p. 310; *Pickett* v. *People* (1876), 8 Hun. 83, 15 N. Y. St. 83, (Aff. 67 N. Y. 609 Mem.).

These indictments are good for another reason—§ 8 of Art. 15 of our Constitution prohibits lotteries. *The State* v. *Woodward* (1883), 89 Ind. 110. Where no lottery is authorized it is not necessary that the indictment should contain a description of the nature of the lottery or the manner in which its object would be promoted. If such description were pleaded it would be surplusage. Wharton, *Criminal Procedure* (10th Ed.), § 933; 38 C. J., Lotteries, § 58, p. 313; *State* v. *Follett* (1832), 6 N. H. 53; *France* v. *The State* (1873), 6 Baxter 478, 65 Tenn. 478.

What has been said herein, as to the description of the lottery and gift enterprise, applies also to the allegation that the amount and description of the money mentioned in the indictment were unknown.

The appellees insist that the language of the statute which makes it a crime to *make* or *draw* any lottery scheme or gift enterprise is so indefinite that it does not constitute a definition or description of such misdemeanor. They claim there is no common law definition or judicial decision defining the making or drawing of a lottery scheme or gift enterprise, and that the words "make" and "draw" are generic terms and embrace various thoughts and shades of meaning. This objection is without substance. Many, if not all, of the states of the Union have adopted legislation outlawing lotteries and gift enterprise. Some of these statutes make it a specific crime to prepare, set up or draw a lottery or gift enterprise. In one state at least, we find that the offense includes "whoever . . . makes . . . a lottery or scheme of chance." Page's Ohio Code, § 13064. The words "make" and "draw" are not generic terms; they have a definite meaning. It is our opinion that the word "make" means the setting up of a lottery; and to "draw" a

lottery is a well-understood term. It means the actual drawing to determine to whom the prizes shall be awarded. In the case of *State* v. *Matthews, supra,* the court held that the charge could be pleaded in the language of the statute, which statute made it unlawful to "set up or promote or be concerned in the managing or drawing of a lottery."

The fact that our statutes use the words "lottery scheme," instead of "lottery" is of no importance, as any lottery involves a scheme for the distribution of prizes by chance among persons who, for a consideration, share in the distribution. See *Post Pub. Co.* v. *Murray* (1916, C. C. A. 1st, Mass.), 230 Fed. 773. See also *State* v. *Becker* (1913), 248 Mo. 555, 154 S. W. 769, wherein it is held that the term "lottery" is broad enough to include any scheme of drawing in the nature of a lottery whereby a thing of value is disposed of by law or chance.

We conclude that each of these indictments states a public offense with sufficient certainty.

The judgment in each of these cases is hereby reversed, and the trial court is ordered to overrule the motion to quash in each case and to proceed in accordance with this opinion.

NOTE.—Reported in 92 N. E. 2d 839.