WASY *v.* STATE OF INDIANA.

[No. 29,181. Filed January 5, 1955.]

*Robert H. Moore, Mario B. Tomsich, Bernard M. Tetek,* and *Louis S. Feinn,* all of Gary, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Thomas M. Crowdus,* Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal from a judgment on a verdict finding appellant guilty of abortion, for which she was sentenced to the Indiana Women's Prison for a term not less than three nor more than fourteen years, and fined in the sum of $1,000. The assignment of errors contains twenty-five separate items, most of which are improper since they can only be presented by a ruling on a motion for new trial. It will only be

necessary to consider the court's ruling on a motion to quash the affidavit, and the court's ruling refusing to permit the appellant to examine on the *voir dire* a prospective juror as to religious affiliations or connections.

The affidavit attempted to charge an offense under §10-105, Burns' 1942 Replacement (Acts 1905, ch. 169, §367, p. 584), which is as follows:

> "Whoever prescribes or administers to any pregnant woman, or to any woman whom he supposes to be pregnant, any drug, medicine or substance whatever, with intent thereby to procure the miscarriage of such woman, or, with like intent, uses or suggests, directs or advises, the use of any instrument or means whatever, unless such miscarriage is necessary to preserve her life, shall, on conviction, if the woman miscarries, or dies in consequence thereof, be fined not less than one hundred dollars [$100] nor more than one thousand dollars [$1,000], and be imprisoned in the state prison not less than three [3] years nor more than fourteen [14] years.

The affidavit is as follows:

> "Affiant, being duly sworn, upon his oath says that on or about the 9th day of October, A.D., 1951, at and in the county of LAKE, and State of Indiana, Maria Wasy did then and there unlawfully and feloniously use certain instruments upon and administered certain drugs and substances to VIRGINIA LEFKAKIS, the names of which said instruments and drugs are unknown to this affiant, the said VIRGINIA LEFKAKIS being then and there a pregnant woman; with intent then and there and thereby to procure the miscarriage of the said VIRGINIA LEFKAKIS, in consequence of which she, the said VIRGINIA LEFKAKIS, did miscarry and the said miscarriage was not then and there necessary to save the life of the said VIRGINIA LEFKAKIS, then and there being contrary . . ."

Appellant contends that the affidavit fails to charge she knew Virginia Lefkakis was pregnant or that said drugs or substances or certain instruments did cause a miscarriage. The statute defining the offense does require that the accused believed the woman to be pregnant. However, it has long been the law in this state that an offense need not be charged in the exact language of the statute. *Sloan* v. *State* (1873), 42 Ind. 570, 571; *Craig* v. *State* (1901), 157 Ind. 574, 577, 62 N. E. 5.

Other words conveying the same meaning as the words in the statute may be used so long as every essential allegation of the offense is charged with sufficient certainty to advise the accused of the nature of the charge he is to defend. *Wilson* v. *State* (1953), 232 Ind. 495, 112 N. E. 2d 449; Ewbank, Indiana Criminal Law (2d Ed.) §312, pp. 184, 185; *State* v. *McNulty* (1950), 228 Ind. 497, 92 N. E. 2d 839; *Peltz* v. *State* (1953), 232 Ind. 518, 112 N. E. 2d 853.

The affidavit charges that the acts were done "with intent then and there and thereby to procure the miscarriage of said VIRGINIA LEFKAKIS." Obviously the appellant could not have done the acts with that intent without belief that the woman was pregnant. This is sufficient to satisfy the requirements of the statute on supposing the woman to be pregnant. There is no merit in appellant's contention that it did not charge appellant knew the substance or instruments would cause a miscarriage. The affidavit charges the acts were done with intent to produce a miscarriage and a miscarriage did result. The statute does not require that the accused know the instrumentality used will produce a miscarriage.

By a special bill of exceptions the appellant has brought into the record all the questions and answers of

the prospective jurors on the *voir dire* examination, and the rulings of the court during this stage of the proceedings. The appellant contends the trial court erred in refusing to permit appellant's counsel to examine a prospective juror, Mrs. Elizabeth Downey, as to what religious faith, if any, she entertained.

We have not found any Indiana cases on the question. However, since appellant was being tried for a felony, under §9-1502, Burns' 1942 Replacement, she was entitled to ten peremptory challenges. This right can avail her nothing unless her counsel is permitted to make an intelligent exercise of the right. The religious faith, or lack of religious faith, of a prospective juror is a proper subject for inquiry on the *voir dire* examiniation. *McFadden* v. *Commonwealth* (1853), 23 Pa. 12, 62 Am. Dec. 308; *Young* v. *State* (1928), 41 Okla. Cr. Rep. 226, 271 Pac. 426; *People* v. *Christie* (1855), 2 Park. Cr. Rep. (N. Y.) 579, 2 Abb. Pr. 256; *U. S.* v. *Miles* (1876), 2 Utah 19; *Miles* v. *U. S.* (1881), 103 U. S. 304, 26 L. Ed. 481; *U. S.* v. *Daily* (1943), 139 F. 2d 7, 9 (7th Circuit); *State* v. *Miller* (1939), 60 Idaho 79, 88 P. 2d 526; *People* v. *Buyle et al.* (1937), 22 Cal. App. 2d 143, 70 P. 2d 955; 31 Am. Jur. p. 690, Jury §180.[1] It was reversible error

1. "[The juryman] . . . declaring that he had tried to acquit everyone whom the judge desired to convict, and would as lief swear on a spelling book as a Bible, because he was a Tom Paine man, we can see nothing wrong in sustaining the challenge. It would destroy all confidence in the administration of justice if the most important criminal causes should have to be submitted to men who avow themselves reckless of both human and divine laws." *McFadden* v. *Commonwealth* (1853), 23 Pa. 12, 17, 62 Am. Dec. 308.

"Objection is also made that the court permitted counsel for the state in examining the jury to inquire if they were members of any church or if they had been members of any church. It is true that church membership does not determine the qualifications of a juror, but a prospective juror, within reasonable bounds and limited by a fair discretion of the court, may be examined as to his membership in any organization which might give counsel information and enable him to properly exercise his

for the court to sustain objections to appellant's question as to the religious faith of this prospective juror.

It is not necessary to consider other assigned errors which may not occur upon a retrial.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Gilkison, C. J., and Bobbitt, J., concur.

Draper and Achor, JJ., not participating.

NOTE.—Reported in 123 N. E. 2d 462.

peremptory challenges.   Menefee v. State, 30 Okla. Cr. 400, 236 ᵖ. 439; Cummings v. State, 32 Okla. Cr. 274, 240 P. 1078; Raymer v. State, 32 Okla. Cr. 385, 241 P. 499; Buchanan v. State, 53 Okla. Cr. 312, 243 P. 992; Roof v. State, 34 Okla. Cr. 145, 245 P. 666; Cooley v. State, 34 Okla. Cr. 281, 246 P. 650." *Young* v. *State* (1928), 41 Okla. Cr. Rep. 226, 234, 235, 271 Pac. 426.